Hitchcock, J.
The case now presented for the consideration of the Court, is not of much importance, so far as the amount in controversy is concerned, nor is there any involved of much consequence. The suit, however, has been prosecuted with much perseverance. It was commenced before a Justice of the Peace, and after he had passed upon it, was appealed to the Court of Common Pleas. In that Court, a trial was had by jury, but the verdict was set aside, and the judgment arrested. ■ It was next brought into the Supreme Court of the proper county, and by that Court, the judgment of the Court of Common Pleas was affirmed. From the Supreme Court of the county, it was brought into this Court, by writ errror, and has been depending here four years.
Not having been furnished with any argument by the counsel for the plaintiff in error, we know nothing of the points relied upon for the reversal of the judgment, either of the Supreme Court, or of the Court of Common Pleas, except as the same can be gathered from the assignment of errors. The simple question for consideration is, whether the Court of Common NPleas erred in arresting the judgment, because if that Court erred, the Supreme Court erred in affirming its judgment.
The motion in arrest was based upon the ground that in the declaration there was a misjoinder of actions, or causes of action. If there was such misjoinder, is this a sufficient reason why the judgment should have been arrested ? We suppose it is. Mr. Chitty, in his treatise upon pleading, says, “ the consequences of a misjoinder, are more important than the circumstance of a particular count being defective ; for in the case of misjoinder, however perfect the respective counts may be in themselves, the declaration will be bad on general demurrer, or in arrest of judgment.” (1 Chitty’s Pl. 235.) Taking this to be the rule of law, the question arises, whether in the declaration before us, there is a misjoinder. The first count in the declaration is upon contract. It sets forth an agreement, on the part of the defendant, to do and perform certain work and labor, upon and for the consideration specified, and that the *600 defendant neglected and refused to perform the work and labor which he had agreed to perform. .° '
To us, it seems equally clear that the second count is in tort. The ground relied upon in this count for a recovery is, that the defendant would not do the work with care, skill, and diigence, but performed it “ in such a careless, unskillful, undue and imperfect manner, and with such a want of due and proper care, skill and diligence,” &c. If actions sounding in contract, and actions sounding in tort, can be joined in the same declaration, then there was no misjoinder; but if, .as we suppose, said actions cannot be joined in the same declaration, there was a misjoinder.
But it seems to be supposed that this was merely a technical objection, and that being a technical objection, the case is within the second section of the act of March 12, 1844, “ To regulate the practice of the Judicial Courts.” (42 Ohio Laws, 72.) This section provides “ that no new trial shall be granted, or judgments arrested, or writ of error allowed, after trial or judgment in the Court of Common Pleas or Superior Court, on account of any objection to the form of action in which the plaintiff may have declared, or on account of any technical objection to the declaration or other part of the proceedings, in case the facts are substantially alleged, which the party was bound to prove on the trial, in order to entitle him to a recovery.” It is to be observed that this act was passed while the motion in arrest was under consideration in the Court of Common Pleas. That motion was made at the the October Term, 1843, the act was passed March 12th, 1844, and the motion decided at the April Term of the Court of the same year. Whether under such circumstances the statute, even had it reference to a case like this, could be construed as applicable to this case, is a matter of doubt. In order so to apply it, we must give it a retrospective operation, which should never be done, unless in consequence of an express provision to that effect, and even in such case the Court would hesitate. But I apprehend that the statute has no application to a case like this. The objection ta *601 ken to the declaration is not merely a technical objection. It is no more technical, than would be an objection to a declaration because it contained one count upon a. bond, another an assault and battery, and another for breach of promise of marriage. Under the statute, if an action of trespass on the case should be brought, when the proper .remedy would be trespass, I suppose the action might be sustained. But an action of assumpsit would not be sustained by the proof of a slander. Satisfied that in the case before us there was a misjoinder, we are of opinion that no error intervened, either in the Court of Common Pleas or in the Supreme Court. The judgment of the latter Court is therefore affirmed.