HEDGE and Another v. SIMS and Others.

SURVEY.—MONUMENTS.—Monuments fixed at the time, if mentioned in the deed or other writing, will control distances.

EVIDENCE—AMBIGUITY.—Where there is an ambiguity in the description of land in the report of commissioners in partition, arising from the omission to describe the monuments fixed at one corner, and from giving the wrong distance, and there are other monuments and courses mentioned, inconsistent with the distance named, parol evidence is admissible to explain the ambiguity.

PRACTICE.—ERROR.—A case fairly tried, and the finding fully sustained by the evidence, will not be reversed for any defect in the pleadings or proceedings that does not affect the rights of the party complaining.

APPEAL from the *Bartholomew* Circuit Court.

GREGORY, C. J.—Suit by the appellants against the appellees in the court ·below for the recovery of real property. Trial by the court, and a finding for the defendants. A motion for a new trial was overruled.

The real question in the case arises on the evidence. The dispute is about a boundary line, fixed by commissioners, in making partition under an order of the probate court of *Bartholomew* county in 1850. The land of which partition was made was divided into three equal parts in value. The first part was assigned to *Irwin, Jones* and *Mounts*, by metes and bounds. The second part was assigned to *Lewis Sims* and *Mary Finley*, and is described in the commissioners' report, as follows: "Beginning at the northeast corner of the lands last above described, set off and assigned to *Joseph I. Irwin, Western W. Jones* and *Thomas Mounts*; thence north along the line above described, dividing between sections 24 and 19, thirty-eight poles; thence west on a line running parallel to the north line of the lands above set off to *Joseph I. Irwin, Western W. Jones* and *Thomas Mounts*, to a stake on the west line of southeast quarter section 24 aforesaid; thence south thirty-eight rods to a stone; thence east along the north line of the land set off to *Joseph I. Irwin, W. W. Jones* and *Thomas Mounts*, to the

place of beginning." The third part was assigned to *Joseph G. Marshall*, and is described in the commissioners' report, in its boundary, as beginning at the northeast corner of the lands assigned to *Sims* and *Finley*, and making the north line of *Sims* and *Finley's* part the south line of that of *Marshall*.

The parol evidence introduced by the defendants, over the objection of the plaintiffs, proved that the commissioners fixed a stake and marked witness trees at the northeast and the northwest corners of the part assigned to *Sims* and *Finley*; that the line thus established had been recognized as the true line for more than sixteen years immediately preceding the bringing of this action; that fences had been built, and additions to the town of *Columbus* made, plotted and lots sold with reference thereto. This line, however, is twenty-seven and a half feet north of the termination of the thirty-eight rods from the northeast corner of the lands assigned to *Irwin*, *Jones* and *Mounts*. If the monument established by the commissioners at the northeast corner of the land assigned to *Sims* and *Finley* had been described in the commissioners' report, there would be no difficulty in determining this case. It is clear that monuments established at the time of fixing the boundary of land, when they are described in the deed or other writing, will control distances. In this case, the stake at the north-west corner is mentioned, and the line running thereto is to be parallel with the north line of the land assigned to *Irwin*, *Jones* and *Mounts*. This cannot be, if the northeast corner of the land assigned to *Sims* and *Finley* is established thirty-eight rods north of the northeast corner of the land assigned to *Irwin*, *Jones* and *Mounts*. There is, then, an ambiguity to be explained by parol evidence. The court below committed no error in admitting the evidence. The finding of the court was clearly right. The fact that the commissioners fixed the stakes and marked witness trees at the northeast and northwest corners of the land assigned to *Sims* and *Finley*, was proven by one of the commissioners, and not

contradicted by any of the witnesses. The commissioner explains the discrepancy between the monuments and the distance mentioned in the report. The commissioners first measured through on what was supposed to be the actual quantity of the land to be divided. They found a surplus over this supposed quantity, and they went back and divided the land with reference to this surplus, and fixed the monuments according to the line finally determined, but gave in their report the measurement first made. *Griffin* v. *Bixby*, 12 N. H. 454, goes farther than is necessary for us to go in the case at bar. In that case, PARKER, C. J., in speaking for the court, said: "If the committee had not run out and marked a line when they set off the dower of Mrs. *Nahor*, the course mentioned in the return must have determined the boundary between the parties, and parol evidence could not have been admitted to show that there was previously a marked line there, varying from the course, and that the committee intended to adopt that line. *Allen* v. *Kingsbury*, 16 Pick. 235. But in this case, the committee marked a line, and in this respect the present case differs from that just cited, where the monuments were not erected at the time the dower was set off, but at some antecedent period, and for some purpose not known or explained. As the monuments in this case were marked at the time by the committee, and intended to designate the land set off, we are of the opinion that this constituted an actual location, and that they must control the course mentioned in the return. *Brown* v. *Gay*, 3 Greenl. 126; *Ripley* v. *Berry*, 5 *id.*, 24; *Esmond* v. *Tarbox*, 7 *id.*, 61; *Thomas* v. *Patten*, 13 Me. 329; *Prescott* v. *Hawkins*, *ante.*, pp. 20, 26; and see 1 U. S. Digest 474. The evidence offered tends to show that the parties understood that the line was marked and established by monuments, and acted with reference to that fact, which strengthens the case, and shows the propriety of the rule. *Jackson* v. *Ogden*, 7 Johns. 241; *Clark* v. *Munyan*, 22 Pick 410." But whether this is sound

law or not, it is clear that the principle recognized is good law when applied to such a case as the one under consideration.

We have not examined the question made on demurrer, as the case was fairly tried, and a just conclusion arrived at. Under such circumstances, it is the duty of this court to disregard any error or defect in the pleadings or proceedings which did not affect the substantial rights of the party complaining. 2 G. & H., § 101, p. 122.

The judgment is affirmed, with costs.

*R. Hill* and *G. W. Richardson,* for appellants.

*W. Herod, W. W. Herod, S. Stansifer* and *F. Winter,* for appellees.