Welch, J.
These two cases were originally one, and as. the same questions are substantially involved in each, they may well be considered together. A disposition of the-questions made by the assignments of error in the first-named case will be a disposition of both.
These assignments, though nominally fourteen, are substantially but three: (1) The verdict was contrary to evidence. (2) The court admitted incompetent evidence. (3) The-counter claims of the creditors were improperly admitted into the case, and form no legal part of it.
As to the first and second of these assignments of error it is only necessary to say that we do not think they are sustained by the record, and that they give rise to no legal questions which need be reported.
It only remains to inquire: Did the court err in admitting- and retaining the matters of counter claim ? This is an important question of practice. After full argument, and due-consideration, we . answer it in the negative. In so doing we think we are but carrying out the spirit and intention of the code of civil procedure, a leading object of which seems, to be the avoidance of circuity and multiplicity of suits, where substantial justice is attainable without such circuity and multiplicity.
These attaching creditors had “ an interest in the subject-matter of the suit.” That interest was adverse to the claim* of the plaintiffs. And the subject-matter was personal prop* *55 erty, capable of being removed out of the jurisdiction of the court, or otherwise disposed of, so as to defeat their liens. They were necessary parties to a full determination of the actual controversy. By the seizure in attachment they acquired a lien upon the iron, subject to the plaintiffs’ rights under the mortgage, and they had, therefore, the right to bring an action against the plaintiffs to redeem, or to compel an account (Carty v. Fenstemaker, 14 Ohio St. 457). Having this right, is there any good reason why they should not, in a case like the present, be allowed to come in and assert it by counter claim? Would anything be gained to that “ substantial justice ” of which -the code speaks, by allowing the plaintiffs, in every such case that might occur, to recover the property from the nominal party, the officer, who acts as agent of the creditor, and turning the latter, who is the real party, over to his right of separate action ? In many cases, as where the action would have to be prosecuted in a foreign forum, that right would be utterly worthless, and the creditor’s only security be in his right to come in as a party to the replevin suit. In the case of Armstrong v. McAlpin et al., 18 Ohio St. 184, similar in its facts to the present case, the sheriff was permitted to set up and enforce a like counter claim on behalf of attaching creditors, against the plaintiff in replevin, a mortgagee. If the sheriff may set it up for them, why may they not be permitted to come in and set it up for themselves ? Indeed their coming in does not seem to be complained of. It is the matter they set up that is objected to. If that matter might be set up for them by the officer, it is difficult to perceive why they might not set it up for themselves ? In the latter event, the real parties in the controversy interplead with each other, and the officer, who stands between them, and who claims no personal interest whatever, is relieved from responsibility and danger. Surely a practice which thus allows the whole controversy to be settled in one action, and to be settled by the actual, and not the mere nominal parties thereto, cannot be outside the spirit and intention of the code of civil proced' ure.
*56 But it is said that it is too late, after appeal to the district court, to permit these claims to be brought into the case. The answer to this objection is, that the substantial facts on. which the counter claims rest were set up in the answer of the officer in the common pleas. By his answer there he denied the absolute ownership asserted by the plaintiffs, and set forth these seizures in attachment. By their answers in the district court the creditors merely reassert this ground of claim and add certain supplemental facts, namely, that they have since obtained their judgments in attachment;, and that the plaintiffs have since sold the iron for a specified sum. And upon the case thus made they demand relief. This is in no just sense a matter foreign to the original controversy. It is germain thereto, and in furtherance and aid of its complete and final determination. It seems to us that the appellate court could as well permit this claim to be set up by the creditors, as it could permit the officer to do so, by way of amendment or supplement to his original answer. That the court liad power to allow such amended or supplemental answer by the officer will hardly be denied. It seems to us that the cases of Grant v. Ludlow, 8 Ohio St. 28; Babcock v. Camp et al., 12 Id. 11; and Union Bank of Massillon v. Bell, 14 Id. 200, sufficiently establish the power of the appellate court to allow a defence like this to be interposed, and the propriety of its exercise in a case situated as the present.
It is no valid objection to the admission of these countei claims, that issues upon them require a trial by the court. It is well settled in Massie v. Stradford, 17 Ohio St. 596, that this is no ground of objection, and that such cases may, foi certain purposes, be treated as two actions. One branch of the case being disposed of, the other may remain upon the docket, or be remanded, as the case may require, for final adjudication.
We see no error in the judgment sought to be reversed. In case No. 18, therefore, the judgment must be affirmed, and in case No. 21 the motion reserved for consideration here will be overruled and the cause remanded for further proceedings.
*57 It is proper to add, that in such further proceedings the findings of the jury, as to questions arising exclusively under the counter claims, and therefore triable by the court and not the jury, although made by and under the agreement of parties, are not to be regarded by the court as conclusive of the facts found, but are subject to its review in the further hearing of the cause.
Brinkerhoff, C.J., and Scott, White, and Day, JJ., concurred.