White, J.
This case comes within the principle decided in Massie v. Stradford, 17 Ohio St. 596, and Taylor v. Leith, decided at the present term (p. 428).
The principle of these cases is, that although the case made in the petition may be triable by a jury, yet where new matter set up in the answer constitutes an equitable cause of action, which, if established, extinguishes or supersedes the -case made in the petition, the issues taken *517 ■on such new matter are triable by the court, and not as of right by a jury.
And this is so, whether issue be taken on the averments of the petition or not. If the cause of action stated in the petition is admitted, there will, in no event, be any issue to try as respects the case made by the plaintiff. On the other hand, if issue be taken on the averments of the petition, the materiality of such issue will depend upon the result of the trial of the equitable case made by the defendant. If the equitable case should be established, the decree would end the whole controversy and settle the rights of the parties. But if the defendant should fail in his equitable case, the issues raised on the petition would have to be disposed of before the case could pass to final judgment.
In this case, as in the ease of Massie v. Stradford, the equity set up in the answer or cross-petition was found by the Court of Common Pleas against the original plaintiff. 'The decree, therefore, on such finding, while it remained in force, put an end to the whole case. The plaintiff appealed from the decree thus rendered against him. If the •case in the appellate court should be decided in the same way it was in the court below, the same result would follow—the controversy would be ended.
But as was said in Massie v. Stradford, if, on appeal, the decree should be in favor of the plaintiff, the appellate 'Court would remit the parties to the Common Pleas, for the •trial of the issues arising on the petition, or retain the cause for final determination, as the rights of the parties might require.
The appellate court in such case is invested with all the powers of a court of equity which grow out of or are incidental to the jurisdiction which it is required to exercise for the determination of the subject-matter brought before it. And among the recognized principles upon which -courts of equity act is this: If the jurisdiction of the court attaches, it is authorized to go on and do complete justice between the parties, although in accomplishing this *518 result, it may deci'ee on matters cognizable at law. Cathcart et al. v. Robinson, 5 Pet. 278 ; Hume et al. v. Long’s Representatives, 6 Mon. 119; Grant v. Ludlow’s Adm’rs, 8 Ohio St. 24.
Hence, in disposing of the equitable case, on appeal, the appellate court is authorized to exercise the same powers for making a final disposition of the whole case as were, before the code, exercised by courts of equity, in suits brought to enjoin proceedings at law.
But, contrary to what was the fact in the present case, the finding and decree of the Common Pleas may be against the equity set up by the defendant.
In such case, we do not suppose the right of the defendant to appeal from the decree, can operate to delay the final disposition of the case in the Common Pleas. But that it would be the duty of the court by jury or otherwise, as the circumstances might require, to determine all the issues-in the case, and render final judgment between the parties.
If the appeal should be perfected, it would doubtless supersede or suspend the enforcement of the judgment against the defendant, until the appeal should be determined. But while the appeal would not have the effect to open the legal issues that may have been determined in the court below, for retrial in the appellate court, all parties in interest would be before the court, and it would be its duty to render such decree, in view of the legal rights of the parties as settled in the court below, and their equitable rights as found on appeal, as the justice of the case might require.
Eor some purposes a counter-claim, whether consisting of a legal or equitable cause of action, may be regarded as an action of itself. It is not simply new matter, operative only by way of defense. It must contain facts recognized by courts of law or equity as constituting an existing cause of action, which would have entitled the defendant to a judgment or decree in a separate action. Hill et al. v. Butler, 6 Ohio St. 207.
In any case where a set-off or counter-claim has been *519 presented, the defendant has the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action, or failed to appear. Code, section 373.
In th e present case, if the plaintiff had dismissed his petition, the controversy arising on the counter-claim of the defendant, would undeniably have been a ease in equity, and appealable. So, also, if the defendant had been the first actor in instituting the suit. Now, where the rights of a party are the same, it is unreasonable to suppose that the forum for their ultimate determination, is dependent on the mere choice of his adversary.
The defendant in error relies, as sustaining the judgment of the District Court, on the oases of Ladd v. James et al., 10 Ohio St. 237, and Smith v. Anderson, 20 Ohio St. 77.
In the former case, there was a joinder in the petition of a legal cause of action on a promissory note, and an equitable cause of action for the foreclosure of a mortgage given to secure its payment. The only issue in the case was on the note. The question was whether the case was one for a second trial or for appeal.
It was held, that a claim upon the note for a personal judgment, and a claim for the sale of the mortgaged property, were to be regarded, in view of the right to demand a trial by jury, and to determine as to the right to a pecond trial or appeal, as distinct claims, properly constituting separate causes of action. But in the absence of any question of misjoinder of causes of action, when so united, there was, as to any issue of fact affecting the claim to a personal judgment, a right to demand a trial by jury, and this right required that, as between a second trial and appeal, the former should be adopted.
The principle of that case does not determine the case now before us.
Smith v. Anderson is more analogous to the present ease. The action was for the recovery of real property. The answer set up new matter showing a right of possession in the defendant under an agreement with the plaintiff’s vendor, of which the plaintiff had notice. It also, it is true, *520 asked affirmative relief. The case was tried in the court below both by the court and the parties as involving the defendant’s right of possession merely under her equitable title. The defendant’s claim for specific performance of the agreement seems to have been abandoned. The first trial resulted in a verdict and judgment for the defendant. The plaintiff took a second trial, in which the defendant, without insisting upon a decree for specific performance, acquiesced. The controversy was thus reduced to the mere question of the right of possession. The second trial resulted in the same way as the first, and on the plaintiff seeking to appeal from the last judgment, this court denied the right.
The ease on its circumstances was correctly decided. It was not intended to overrule or modify the decision in Massie v. Stradford, and so far as any expression in the opinion may be supposed to. have that effect, it is not regarded as authority.
The judgment of the District Court dismissing the appeal is reversed, and the cause remanded to that court for further proceedings.
Welch, C. J., Rex, Gilmore, and McIlvaine, JJ., concurred.