Johnson, J.
The action below was tried on the second defense only. This defense was in the nature of a cross-petition asking for equitable relief which, if granted, was a bar to the action of trespass. It sets up a state of case purely of equitable cognizance, and prays for the correction of a mistake and the conveyance of the land. Issue was joined on this equitable defense, and, on a trial to the court on this issue (the issue of law made by the first defense being left to be disposed of by a jury, should the equitable defense be determined against the defendant), the equitable relief prayed for by defendant was granted.
This issue was not triable by a jury, and being determined against the plaintiff, disposed finally of his action at law.
The case is within the principle of Massie v. Stafford, 17 Ohio St. 596; Taylor v. Leith, 26 Ohio St. 426, and Buckner v. Mear, 26 Ohio St. 514.
These cases are conclusive of this, and leave nothing to be added.
An examination of Ladd v. James, 10 Ohio St. 437, and Smith v. Anderson, 20 Ohio St. 77, relied on by counsel for defendant, in connection with the opinion of the court in. *53 Buckner v. Mear, explaining and limiting these eases, show that they have no application to a case like the present.
The plaintiff was entitled to his appeal. The judgment •of the district court is reversed and cause remanded.