Day, J.
In the original action, brought in the Court of Common Pleas of Hamilton county, R. B. Hopple and others were plaintiffs, and C. Dodsworth was defendant. The action was brought to recover possession of real property. The plaintiffs averred in their petition that they were the owners of the land and entitled to the possession thereof.
The defendant in his answer took issue on the averments of the petition ; and, by way of cross-petition, set up a state of facts, upon which he claimed that he was in equity entitled to a conveyance of the land in dispute from the plaintiffs, and prayed that they might be ordered to convey it to him, and that he might be quieted in his possession of and title to the land.
The plaintiffs replied denying the allegations of the-cross-petition, and set up special matter of defense thereto..
The case was tried upon the cross-petition and reply. The court found the issues for the plaintiffs, dismissed the cross-petition, and ordered that the case be retained for trial upon the original petition.
The defendant appealed from the judgment dismissing- , his cross-petition to the district court. On motion of the plaintiffs, that court dismissed the appeal on the ground that the defendant was not entitled to the appeal. This petition in error is prosecuted to reverse the judgment of the district court dismissing the appeal.
It is insisted that the cross-petition must be considered as nothing more than a defense to the original action. It does, it is true, set up matter of defense; but irt does more; it seeks affirmative relief of a broader scope than the mere defeat of the plaintiffs action for the possession of the land it seeks also to quiet the defendant’s title, by securing to him the legal as well as equitable right thereto.
The facts set up in the cross-petition purport to constitute not merely a defense to the action, but to be sufficient for an original action against the plaintiffs for the relief for which the defendant prays; and are such, that, had the plaintiffs discontinued their action, or failed to appear, the *18 defendant, under the provisions of the code, might have proceeded to trial and judgment on his cross-petition, in the same manner as if it had been an original petition.
The case of Smith v. Anderson, 20 Ohio St. 76, is relied on as decisive of this. But that case, as explained in Buckner v. Mear, 26 Ohio St. 514, is plainly distinguishable from this, for the equitable relief sought in this case was not abandoned, as it seems to have been in that. The cross-petition in this ease was not relied on, as the answer was in that, “ simply ” as a defense. On the contrary, this case was tried, without objection, solely upon the issues arising on the cross-petition; and the cross-petition was dismissed, not only as a ground of equitable relief, but as a defense, and the case was left, by order of the court, to be further tried solely upon the issues arising on the original petition ; so that, as the case stands, the cross-petition becomes unavailable to the defendant, unless it be regarded, as it was treated by the parties and the court on the trial of the case, as a claim for affirmative equitable relief, in the nature of an original action.
It is claimed that the cross-petition must be regarded as a defense merely, for the reason that the facts therein stated' are not sufficient to warrant the relief prayed for.
It is not questioned but that, if the facts stated in the cross-petition were sufficient in law to entitle the defendant to the relief prayed for, the issues arising thereon, had it been filed as an original petition, would have been triable to the court and not to the jury, and that the case would therefore have been appealable.
But the question now brought in review is not that of the sufficiency of the petition, for that was not made in the district court, and it is the judgment of that court only that is now in question. The only question made there was, whether the case was appealable to that court. If it was, the appellant had the right to have it remain there? that he might have the judgment of that court upon any question that might properly be made in the case. The right of appeal does not, in any case, rest upon the suffi *19 ■ciency of the pleadings, but depends on the nature of the case. Rush v. Rush, 29 Ohio St. 440.
It is unnecessary to discuss other questions that are involved in the case, for they are fully considered and determined in Buckner v. Mear, supra. It is sufficient to say that the case falls within the principle of that case, and of Massie v. Stradford, 17 Ohio St. 596; Taylor v. Lieth, 26 Ohio St. 426; and Sheeful v. Murty, 30 Ohio St. 50, and that the defendant, therefore, had the right of appeal from the judgment of the common pleas dismissing his cross-petition.
It results that the judgment of the district court, dismissing the appeal, must be reversed.

Judgment accordingly.