Bradbury, J.
This was a real action under the code of civil procedure, broug’ht by the plaintiffs, *353 who are now plaintiff sin error, to recover the possession of a small parcel of land to which they claimed title in fee-simple and which was detained from them by the defendants, who were in possession. That the land in controversy was included in a deed of conveyance executed in due form and delivered to the ancestor of the plaintiffs by the administrator of the deceased owner, pursuant to an order of the probate court of the proper county in a proceeding to sell lands to pay debts is not controverted. Therefore the paper title of the plaintiffs was complete, and to successfully resist a recovery thereon, the defendants were compelled to attack and destroy this paper title; they sought to accomplish this end by interposing the following answer or cross-petition and amendment thereto:
“The defendants, for answer to the petition of plaintiffs, deny that the said plaintiffs are the owners in fee, have a legal estate in, or they are entitled to the possession of the real estate in the petition described, and they deny that they unlawfully keep the plaintiffs out of the. possession of said estate, and they say that they, the defendants, have the full equitable title to, and the right of peaceable possession of said real estate.
“Defendants further deny that any injury will be done plaintiffs by opening a coal mine on said premises, or that any injury will be done thereby to the plaintiff’s business or works.
“Defendants further say that the late John H. Heaton died seized of all the stone coal underlying a part of section No. 30, township No. 2, and range No. 2, in Belmont county, Ohio, described as follows: Beginning for the same at the center of Franklin street, in the city of Bellaire, Ohio, on the line of the land of Thornton A. Horn; thence *354 with the said line west 178.60 rods to the northwest corner of the original tract; (old number 4 as described in Belmont county common pleas records, vol. 34, page 312, and following) thence south 19 rods; thence 172.41 rods to the center of said street; thence with the center line of said street north 17i degrees east, 331 feet 10J inches to the beginning, containing 21 acres and 10 perches of surface, all of which as determined by the commissioners in partition can be mined to advantage from the west boundary east far as the center of the projected street called Liberty street, being 18 acres of coal, which is very valuable; and seized also of a certain tract of land in said city of Bellaire, now divided into two parts by said Franklin street, one part being on the east side of said street, the other part being on the west side of said street, and being the same which is described in the petition, and is the only place or outlet for mining the coal above described, and without which said stone coal would be almost valueless to these defendants; that the administrator of said John H. Heaton filed his petition in the probate court of this county to sell all of the above real estate to pay debts; that the said land and coal, being appraised separately, were offered for sale twice and not sold, and then a new appraisement was ordered to be made by said probate court, and the appraisers then appraised, as they were directed to do, so that the same could be sold, the said coal tract and the tract of land west of said Franklin street together as one tract at $-, and the lot of land east of said Franklin street, as another track at $-; that said land on the west side of said Franklin street with the coal in connection therewith, was sold by said *355 administrator to these defendants on July 16, 1888, and paid-for by them; that defendants took immediate possession of the same, inclosed it with a good and substantial fence and have held possession of the same from that time until the present, and all with the full knowledge of said James S. Gill,- now deceased, who, on or about the --- day of July, 1888, purchased that part of said tract of land which lies east of said Franklin street, and did not buy that part lying on the west side thereof.
“Defendants further say that they have been informed that by mutual mistake of the parties the lot of land they so bought and paid for was included in the deed to said James S. Gill, deceased, and not in the deed as originally made to them, as it should have been. Since that time, on the-day of - -, 18 — , thepresentadministratorof said Heaton estate made a deed to these defendants for said lot on the west side of Franklin street.
“Defendants, by leave of court, as an amendment to their answer and in addition to the allegations therein, say that by mere inadvertence and mistake the coal land was returned to said court as appraised in one tract, and the other tract or parcel of land as an entire tract, and the last named tract was by like mistake returned as sold as an entire tract to said Gill, where, in fact, the part described in the petition was appraised and sold with the coal tract to the defendants, as heretofore alleged ; and in the proceedings in the probate court there was the mistake aforesaid as to said description of parcels of land in the returns to and order of said court, as appears of record in said court.
“These defendants therefore ask that the mistakes in said deeds and in the returns of appraisement and sale be corrected, and that the quiet and *356 peaceable possession of said lot on the west side of said Franklin street be decreed to them, free from any interference on the part of the heirs of the said James S. Gill, deceased, or any other persons claiming by, through or under them, and that their title thereto be quieted, and for all other just and equitable relief.”
The amendment was made in the circuit court upon leave..
.The plaintiffs filed a repiy to this answer, or cross petition, denying that any mistake was made in the proceeding in the probate court, or in the deed made pursuant thereto.
Upon the issue made in the court of common pleas, which related solely to the mistake in the deed, the plaintiffs prevailed, and from the judgment there rendered in favor of the plaintiffs the defendants appealed to the circuit court. The plaintiffs then moved the circuit court to dismiss -the appeal upon the ground that the action was one for the recovery of real property, which, by virtue of section 5130, Revised Statutes, was of right triable to a jury, and therefore not appealable by virtue of the provision of section 5226, Revised Statutes. The circuit court overruled this motion, to which ruling the plaintiffs excepted. Afterwards the defendants, upon leave, filed the amendment to their answer, as before stated, setting up, in addition to the mistake in the deed, a mistake in the proceedings had in the probate court ■ prior to its execution. The cause was tried in the circuit court upon the issue raised between the parties respecting the alleged mistakes. The finding and judgment there being for the defendants, the plaintiffs filed a motion for new trial, whiah being overruled, they embodied the evidence and proceedings in a *357 bill of exceptions, and thereupon brought the cause to this court for review on error.
Two questions only arise upon the record of sufficient merit to demand consideration:
1. Whether the circuit court erred in overruling the motion to dismiss the appeal.
2. Whether it erred in correcting the alleged mistake in the proceedings in the probate court and in the deed made pursuant thereto.
The first question presents no difficulty in the light of either principle- or authority. True, the cause of action disclosed in the petition being simply for the recovery of specific real property and damages for its wrongful detention, was triable of right by a jury.
The answer took issue on the averments of the petition, and to that extent was a defense only. In setting forth the circumstances of the mistakes of which it complained, and in praying their correction, however, the answer is a cross petition, which contained not a technical defense, but an independent'equitable cause of action constituting a cross demand in favor of the defendants, the effect of which, if established, would extinguish the plaintiffs’ cause of action by destroying their deed and annulling.the proceedings of the probate court in as-far as either affected the title to the parcel'of land in controversy.
If the defendants, instead of setting forth the facts respecting these alleged mistakes in a cross petition in an action at law, had made them the subject of an independent action for relief, the equitable character of the cause of action would be apparent to every mind at all familiar with the distinctions between legal and equitable rights or causes of action. In the nature of things, a cause of action, *358 which, if set forth by the plaintiff in a petition, would be properly denominated equitable, would retain its name and character, although set forth by a defendant in an answer, as a cross demand. Its character should depend upon the nature of the relief it establishes in favor of the party pleading it; and not upon the relation, as plaintiffs or defendants, which the parties bear to each other in the action.
As the character, whether legal or equitable, of a cause of action does not depend upon the relation, as plaintiff or defendant, borne to the action by the party asserting it, so, neither should the mode of trial depend upon such relation. Whatever mode of trial is appropriate to the nature of the demand should be awarded to the parties, irrespective of their relations as plaintiff or defendant. Therefore, the statutes upon the subject should be construed accordingly, if the language they use permits such construction.
Section 5130, Revised Statutes, prescribes the actions in which the parties may demand a jury for the trial of issues of fact joined between them. The language employed for that purpose reads as follows: * * * “issues of fact arising in actions for the recovery of money only, or specific, real or personal property, shall be tried by a jury, unless a jury trial be waived or reference be ordered as hereinafter provided.”
The languageemployed is the same, whether the action be one for the recovery of money only, or to recover specific, real or personal property, and if operative in either of the classes of actions named, to control the trial of an issue of fact arising on a cross petition filed therein, it should have the effect in all of them.
*359 An action for damages on account of a trespass to real estate is an action for the recovery of money only, and therefore an issue of fact arising therein, is triable by jury by force of the language quoted. Yet this court, in Massie v. Stradford, 17 Ohio St., 596, held that an issue of fact arising on a cross petition filed in such action, which set., forth an equitable cross demand, was not of right triable by jury, and therefore sustained the right to an appeal to the district court in respect of that controversy, and denied the right to a second trial upon that issue, to which either party would have been entitled by the statute then in force if a right of a jury trial existed.
Taylor v. Leith, 26 Ohio St., 428, and Buckner v. Mear, 26 Ohio St., 514, were each actions brought to recover damages for breach of covenants in a deed conveying land; they were actions for the recovery of money only, and triable as of right by a jury, by virtue of the provision of section 5130, Revised Statutes, just quoted. The answer in each case set forth a mutual mistake in the deed containing the covenants, the breach of which was the foundation of the action, and prayed for a reformation thereof. This court held in each case that the controversy arising on the cross petition being equitable was the proper subject for an appeal, and therefore not triable as of right to a jury. The first clause of the syllabus in Buckner v. Mear, is in the following terms: “Although a plaintiff’s cause of action may be triable by jury, yet where new matter is set up in the answer constitutes an equitable cause of action, which, if established, will extinguish or supersede the ease made in the petition, the issues taken on such new matter are triable by the court, and not as of right by a jury. *360 And this is so whether issue is taken on the averments of the petition or not.” 26 Ohio St., 514.
The learned judge who delivered the opinion of the court in Smith v. Anderson, 20 Ohio St., 76, seems to have thought that in an action to recover specific real property, an issue arising upon an equitable cross-demand set forth in an answer, was triable by jury as of right and not appealable; but the syllabus stops short of that, and places the decision on the ground that the answer set forth a defense and nothing more.
It may be quite true that an equitable defense merely, that is, one which sets forth some equitable considerations for the sole purpose of resisting the plaintiff’s demands, without asking any affirmative action of the court whatever, will not affect the mode of trial, although it would have done so if the party had invoked some affirm ative relief. The difference between them beingthat the firstis simply a defense to the cause of action stated in the petition, while the other is a cross-demand constituting a cause of action in itself, on which a separate action mig'ht have been maintained. The former being merely a defense, cannot draw to itself a mode of trial different from that prescribed for the 'cause of action to which it relates. The latter being a distinct cause of action, is of equal dignity with the one set forth in the petition, and therefore equally entitled to its appropriate method of trial. ■
This view of the matter will reconcile Smith v. Anderson, supra, with Massie v. Stradford, 17 Ohio St., 596; Taylor v. Leith, 26 Ohio St., 4; Buckner v. Mear, Ib., 514, and the latter decisions of this court upon the subject. Sheeful v. Murty, 30 Ohio St., 50; Dodsworth v. Hopple. 33 Ohio St., 16; *361 Rankin v. Hannan, Adm'r, 37 Ohio St., 113. In Buckner v. Mear and Dodsworth v. Hopple, the authority of Smith v. Anderson is expressly limited to instances where the answer sets forth an equitable defense merely without asking affirmative relief.
In view of these cases it may be regarded as the s ttled law of this state, that while an equitable defense merely will not affect the mode of trial or right of appeal, yet an equitable cross-demand set forth by a defendant in a cross-petition upon which he asks affirmative relief, will draw to itself the mode of trial appropriate to such cause i f action, and give the same right of ppeal as it would do if set forth in a petition by the plaintiff in an action. The second question relates to the jurisdiction of courts of equity to relieve against mistakes of fact in the records of another court.
Jurisdiction to relieve against mistakes of fact in the rendition of judgments at law has been often exercised by courts of equity.
They, also, have assumed to correct clearly established mistakes in the terms of such judgments. The circumstances under which this jurisdiction has been exercised have varied with the cases in which it was inv ked.
And in none of them that have fallen under our observation are they similar to those in the case under consideration. Chase v. Manhardt, 1 Bland Ch. (Md.), 350; Ford v. Ford, Walker (Miss.), 505; Drew v. Clarke, Cook (Tenn.), 373; Brewer v. Jones, 44 Ga., 71; The County of Buena Vista v. R. R. Co., 49 Iowa, 657; Wilson v. Boughton et al., 50 Mo., 1; Barthell v. Roderick, 34 Iowa, 518; Boon et al. v. Miller's Ex'rs., 16 Mo., 457; Partridge & Co. v. Harrow & Harrow, 27 Iowa, 96; Hedge et al. v. Sims et *362 al., 29 Ind., 574; Griffin v. Bixby, 12 N. H., 454; Lanman v. Crooker, 97 Ind., 164.
The cross-petition did not seek a correction of an error of judgment in the probate c'óurt; no ruling of that court was attacked on the ground that it was erroneous. Any attempt to do that must have failed; for the power to correct errors of law committed by other courts does not lie within the province of the courts of equity. Nor is it claimed that any mistake intervened by which land was sold, that the administrator did not intend to sell, or that any was sold which was not included in the order to sell. The controversy arose between different purchasers of separate parcels thereof. The mistake alleged in the cross-petition, when analyzed, was in fact that of the administrator; it was the result of inadvertence or carelessness by him or his attorney. His purpose was to cause the parcel in controversy to be appraised and sold with a tract of coal land, because it would be impracticable to mine the coal from the coal tract without transporting the product over the. former tract. It is alleged that these two tracts were in fact appraised together as an entirety, but that the return did not so state. It being the duty of the administrator to have this return state the truth, its failure to do so should be attributed to him. The return not only failed to state that the parcel of land in controversy was appraised with the coal tract, but instead stated that it was appraised with another parcel of surface which it adjoined. These two mistakes were necessarily carried into the records of the probate court. The administrator, supposing that the return of. the appraisement showed that the lands had been appraised according to his intention sold the coal tract and the par *363 cel in controversy as one tract to the defendant in error who paid for both; the other tract he sold to the ancestor of the plaintiffs in error. The administrator in executing conveyances to these purchasers carried in the respective deeds made to them the same mistake that occurred in the return of the appraisement. Therefore, although the purchaser of the coal tract actually bought and paid for the parcel in controversy, it was in fact conveyed to the purchaser of the adjoining tract who had done neither.
Upon this state of facts it is clear that justice called for relief. A purchaser who had neither bought nor paid for a parcel of land, ought not in justice and good conscience to retain it -from one who had done both. This injustice would .have been accomplished by the judgment in this case, unless the mistake could be corrected. This correction must be invoked either by an application to the probate court, or by recourse to the equitable jurisdiction of the chancellor. In Stites v. Wiedner, 35 Ohio St., 555, this court sustained the jurisdiction in equity to correct a mistake in the proceedings of the court of common pleas for the appraisement and sale of real estate under a mortgage.
This case sustains the action of the circuit court now under consideration unless a full and adequate remedy could be had in the probate court. The correction could not be made by a nunc pro tuno order in the probate court, for that remedy is available only where the court has acted and its action not correctly recorded.
Here the administrator had neglected to procure the proper action, no act having been done, and left unrecorded, no grounds existed for asking a *364 nuno pro tuna order. Neither the purchaser who complained of the mistake, nor the one who denied it, were parties to the proceedings in the probate court. If, however, the party complaining- of the mistake became, by reason of his purchase, so connected with the proceeding’s that he might have applied to the probate court to correct them, yet that court could not afford a remedy so complete and adequate as a court possessing general equity jurisdiction could give. We hold, therefore, that the cross-petition stated a cause of action for relief, the granting of which is within the general equitable jurisdiction, possessed by the circuit courts and the courts of common pleas of this state. Were this not strictly so, yet, in the case under consideration, an action had been begun to dispossess the defendants, and was pending in a courthaving complete jurisdiction in equity, and therefore' able to afford them full relief. To deny to such court, under such circumstances the power to grant full relief, and require it to send the parties elsewhere would contravene both the spirit and letter of our code of 'civil procedure, the principle purpose of which is to simplify proceedings in courts of justice by determining in a single action all the controversies arising between the parties that relate to the subject of the action.
Upon the trial of an issue to correct the records of a judicial tribunal on account of inadvertence and mistake therein, pertinent parol testimony may be received. Stites v. Wiedner, 35 Ohio St., 555; Hedge et al. v. Sims et al., 29 Ind., 574.
Doubtless all courts whose powers are invoked to correct mistakes, alleged to exist in judicial records will exercise those powers with due regard for the stability of judgments, and will require *365 the mistake to he established by clear and convincing evidence before granting- relief upon that ground.

Judgment Affirmed.