Davis, J.
The plaintiff in error complains that there was error in the judgment of the circuit court affirming the judgment of the common pleas in making the order of consolidation, and in refusing a temporary injunction, on motion, as prayed for in his petition.
I. It is a familiar principle of equity practice, which we conceive is not abrogated by the code, that in order to avoid multiplicity of actions the court may require the determination of the rights of all parties interested in a transaction or subject-matter, in a single action, wherever the purpose of justice may seem to demand it; and in doing so the identity of parties is not considered, but rather a community of interest in the subject-matter in litigation. Pomeroy Eq. Jur. (2nd ed.), Secs. 268, 269; 4 Enc. Pl. and Prac. 690, 692; 2 Daniel’s Ch. Prac. (6th ed.), 1120, note a. The authors of our code, who used the New York code of civil procedure as a model, seem to have deliberately rejected the provision in the latter code that “where two or more actions in favor of the same plaintiff against the same defendant, for causes of action which may be joined, are pending in the same court, the court may, in its discretion, by order, consolidate any or all of them into one action.” Our statute, Revised Statutes, Sec. 5120, is mandatory that on motion of a defendant the several actions shall be consolidated, if it appear that the actions, *365 not causes of action, could have been joined and ought to be joined. The power of consolidation is not limited to identity of parties and to causes of action which might be joined in the same petition under the rules of pleading; but it seems to have been purposely broadened so as to authorize the consolidation of all actions which might be joined, either at law or in equity, for. convenience of trial, for preventing multiplicity of actions or for the purpose of saving costs. This plaintiff in error was defendant in a number of actions upon his bond, and in all of them he answered, as one defensé, that the scrivener had made a mistake in drafting the bond, and as another defense, that the bond was obtained by fraud and misrepresentation. Some time after the issues were made up in these cases, the plaintiff in error filed his petition in this case, making as defendants thereto all of the plaintiffs in these actions on the bond, as well as all other persons whom he had reason to believe, asserted claims against him on the bond. He sets forth in his petition the same allegations of mistake and fraud which he had made in his answers. He invokes the equitable jurisdiction of the court in the premises, prays that a temporary injunction may be granted against the Standard Brick Company to prevent the trial of its cause against him, and requiring the Standard Brick Company, the Akron Hydraulic Press Brick Company, and others, to dismiss their several actions at law, pending against the plaintiff, and to come into this cause where equitable jurisdiction may be had, etc. Thus the plaintiff himself sought to bring all the pending actions, and all the parties concerned, into one action ; and he cannot be allowed to complain when the defendants, by a motion to consolidate, concur with *366 him. We find no error in the order of consolidation; and even if it were erroneous, it is not reviewabl 3 now,.because it did not determine any of the actions or prevent a judgment therein. Section 6707, Rev. Stat.
It is suggested in argument by plaintiff in error that the order of consolidation made no provision as the pleadings that have been filed, and that the order of proceeding in the trial of the consolidated action may prejudice the plaintiff in error. We see no difficulty in this. The issues are not changed by the consolidation. The equity questions raised by the plaintiff in error in his petition and cross-petitions below will be first disposed of, and next the other issues, if they remain after the determination of the equity issues. Massie v. Stradford, 17 Ohio St., 596; Dodsworth v. Hopple, 33 Ohio St., 16; and see also, Reiff v. Mulholland, 65 Ohio St., 178.
II. It is also maintained by the plaintiff in error that the order refusing a temporary injunction was an order adversely affecting his substantial rights, that it is an order made in a special proceeding, and that it is therefore a final order which may be reviewed on error, and which ought to be reversed. For the purposes of this case it may be conceded that the order refusing the injunction is a final order; for it seems to be clear that it is not prejudicial to the plaintiff in error, and therefore it does not authorize a reversal, even if it were technically erroneous. It appears from the plaintiff’s petition that the purpose which was sought to be accomplished by the temporary injunction, was to stay the trial of the several pending actions until this action had been heard and determined. The consolidation of all of *367 these actions with this one, effectuated this purpose, because judgments on the bond cannot be rendered against the plaintiff in error until the equitable issues are determined.
The judgment of the circuit court is therefore

Affirmed.

Burket, Shauck and Price, JJ., concur.