Willson *et al. v.* Brown *et al.*

No. 9392.

WILLSON ET AL. *v.* BROWN ET AL.

SUBROGATION.—*Purchaser at Auditor's Invalid Sale of Land Mortgaged to School Fund.*—The purchaser of land sold by an auditor under a school fund mortgage, the sale having been set aside as invalid, may be subrogated to the rights of the State in the mortgage.

SAME.—*Mistake in Description.*—The fact that there was a mistaken description in a school fund mortgage, if the mistake was such as could have been corrected at the suit of the State, does not affect the right of subrogation on the part of the purchaser at a sale under the mortgage, upon the sale being set aside as invalid.

CONVEYANCE.—*Description Made Good by Reference.*—A defective description in a deed or mortgage is made good by a reference to another deed which contains a true description.

SAME.—*Public Policy.—Judicial Sale.— Volunteer.—Equitable Relief.*—Public policy forbids that a purchaser of land sold by virtue of a decree, judgment or other lien, should be deemed to be a volunteer, and be denied equitable relief, in case of the invalidity of the sale, merely because he had no personal interest to protect, and purchased for the sake of the investment only.

SAME.—*Caveat Emptor.*—The doctrine of *caveat emptor* applies to the purchaser at an invalid judicial sale or sale by a public officer, in respect to any claim for recourse upon the party for whose benefit the sale was made, but not so as to deny a remedy against him whose debt has been, as to his creditor, paid or extinguished.

From the Grant Circuit Court.

*I. VanDevanter* and *J. W. Lacey,* for appellants.

*A. Steele* and *R. T. St. John,* for appellees.

WOODS, J.—The circuit court sustained the several demurrers of the defendants to the complaint of the appellants, for the want of facts stated sufficient to constitute a cause of action, and, the appellants abiding by their exception, gave judgment against them.

The ruling upon the demurrers is assigned as error.

The substance of the complaint is that the defendant Brown, who had purchased and received a deed of conveyance of certain school land particularly described, made his note and mortgage to the State of Indiana for $500, for the benefit of

the school fund; " that, by a mutual mistake of fact on the part of the parties to said mortgage," the land was therein erroneously described as " a part of Broad Ripple Float, section No. 1," etc., " being the tract deeded to John H. Brown, by E. Kitch, trustee," said Brown being the defendant of that name, and the land so conveyed to him by Kitch, trustee, being the land first described in the complaint as intended to be described in the mortgage; that Brown afterwards conveyed the land to the defendant Oatess, who afterwards conveyed the same to the defendant Nelson, said grantees each being cognizant. of all the facts, and each, as a part of the purchase price of the land, having agreed with his grantor to assume and pay said note and mortgage; that, on the 24th day of March, 1879, the plaintiffs purchased the land at an auditor's sale thereof made upon said mortgage, paying therefor the full amount of the mortgage, damages and costs, to wit, $551.43, which sale was afterwards, on the complaint of the defendant Brown, in the Grant Circuit Court, which had jurisdiction in the action, set aside, declared void and held for naught. Wherefore the plaintiffs pray that they be subrogated to the rights of the State in said mortgage, etc.

The principal objection urged against the sufficiency of the complaint, which is that the plaintiffs were volunteers, occupying no such relation either to the mortgage debt or the property sold as to entitle them to be subrogated to the rights of the State, may be regarded as fully answered by the case of *Muir* v. *Berkshire*, 52 Ind. 149. We are not disposed to restrict the scope of the decision in that case. A sound public policy forbids that a purchaser at a public sale, who has in good faith paid the amount of his bid, in discharge of the decree, judgment or other lien by virtue of which the sale was made, should be deemed a mere volunteer and should be denied any equitable relief in case the sale proved to be invalid, merely because he had no personal interest to protect and made the purchase for the sake of the investment only.

Bidding should be encouraged, to the end that property may not be sacrificed for less than its worth.

As was said in *Muir* v. *Berkshire,* so it may be said in this case: "The sale under the mortgage having judicially been held void, the relation of the land to the mortgage remains the same as if no sale had been made. The question, then, in the case is, who stands in the place of the mortgagee?" And as in that case, so in this, it can not be the mortgagee, because, as to the State or the school fund, the mortgage was paid by the proceeds of the invalid sale. Justice and good conscience declare in favor of the appellants, who made the payment, and must otherwise lose their money.

While the doctrine of *caveat emptor* has its proper application to the purchaser at such sale, and puts him on enquiry as to the extent and character of the title which he obtains, so that he can have no recourse against the party for whose benefit the sale has been made, its application is not such as to cut off all remedy against the debtor whose debt is extinguished, if the sale prove entirely invalid and is set aside, as in this case.

Much stress is laid by counsel for the appellee upon the alleged mistake in the description of the land contained in the mortgage. They insist that the mistake, as pleaded, is one of law, rather than of fact, and, assuming that the description in the mortgage is absolutely void for uncertainty, contend that there was no sale of the land to the plaintiffs, and so they can not be in a position to claim the benefit of the doctrine of subrogation; that the cases "will all assert the doctrine, that where subrogation under a written instrument has been decreed, it was of a valid, and not of a void, instrument."

It will hardly do, as we think, to call a mortgage void because by mutual mistake of the parties it contains a mistaken and meaningless description, if that mistake is such as the mortgagee may have corrected. Equity treats as done what ought to be done, and consequently such mortgage, as between the parties and as to all who have notice, is a valid

lien upon the land intended to be described.  If, therefore, the mortgagee may have the mistake corrected and then enforce the mortgage, one entitled to be subrogated may, it would seem plain, have the same relief.

It is not necessary, however, as this case is now presented, to consider this question.  Upon the facts stated in the complaint there is no mistake in the description which needs correction.  The description given in the mortgage, though in itself plainly defective, is followed by the statement:  "Being the tract deeded to John H. Brown by E. Kitch, trustee; " and it is alleged that that tract is the land intended to have been described in the mortgage.  This makes the description sufficient, for that is certain which can be made certain.  One deed may refer to another for a description of the premises.

It follows that so much of the complaint as alleges a mistaken description is, upon the face of the pleading, unnecessary and may be rejected as surplusage; and the statement of the correct description of the land may be regarded as unimportant, except as, if proven, it would enable the court to embody a complete description in its decree, instead of making only a reference to the deed where it could be found.

Judgment reversed, with costs, and with instructions to overrule the demurrers to the complaint.