Thain *v.* Rudisill.

No. 14,468.

## THAIN *v.* RUDISILL.

DECREE.—*Erroneous Description of Real Estate.—Action to Correct.—Incorrect Description in Decree.—Decree not Void.—Collateral Attack.—Minority of Grantor.—Disaffirmance.*—A decree in an action to correct an erroneous description of real estate, and the commissioner's deed based upon the same, did not correctly describe the premises, but did describe the land as lying between two other tracts theretofore conveyed by the grantor. The last conveyance had been made and the deeds for the same recorded before the decree was rendered. By a reference to said deeds, the description of the real estate contained in the decree could be made certain. At the time the action was instituted to correct the erroneous description the grantor was a minor, but at the date of the rendition of the decree he was of full age.

*Held,* that the decree was not void on account of uncertainty in the description of the real estate. *Lewis* v. *Owen,* 64 Ind. 446, distinguished.

*Held,* also, that the decree will not be held void on a collateral attack because of the minority of the grantor at the time the suit to correct the description was instituted, the court having had jurisdiction of the action, and proper notice having been given, and the decree having been rendered after the grantor became twenty-one years of age.

*Held,* also, that the grantor was bound by said decree, unless he by direct proceedings had it set aside.

*Held,* also, that the decree, having been rendered after the grantor became of age, barred him from afterwards disaffirming the deed made during his minority.

From the Allen Superior Court.

*S. F. Swayne* and *L. M. Ninde,* for appellant.

*P. A. Randall* and *W. J. Vesey,* for appellee.

OLDS, C. J.—The appellant brought this action against the appellee to recover certain real estate. Upon proper request the court found the facts, and stated its conclusions of law. The questions presented for decision arise on the exceptions to the conclusions of law. The court found the facts as follows:

"1st. On the 26th day of October, 1874, one John W. Marshall was the owner in fee simple of the following described real estate, in Allen county, Indiana, to wit: A tract

of land situate in the north part of section four, in township thirty-one (31) north, of range twelve (12) east; bounded as follows: Commencing at the Indian boundary line adopted at the treaty of Greenville, at a point due south of a point eighty rods east of the northwest corner of said section four; running thence north to the north boundary line of said township thirty-one; thence east along said township line one hundred and twenty rods; thence south to said Indian boundary line; thence southwesterly along said boundary line to the place of beginning, containing forty acres of land; the said Marshall being then the owner thereof, for a valuable consideration to him paid, to wit: nine hundred dollars in money, personal and real property, sold said premises to Frederick Rabb, and executed a deed, intending to convey the same to the said Rabb; but by mistake the premises in said deed were described as follows: 'The northeast quarter of the northeast quarter of section four, township thirty-one north, of range twelve east, containing forty acres, in Allen county, Indiana,' instead of the correct description of the same.

"Said Rabb being ignorant of the error in the description in the deed, and claiming title by virtue of such conveyance, entered into possession of the land so purchased by him, and intended to be conveyed, and occupied the same by himself and tenants until about the 1st day of December, 1882, when he was dispossessed in the manner hereinafter stated.

"2d. On the 11th day of June, 1875, a mistake in the deed having been discovered, Rabb instituted proceedings in the Allen Circuit Court for the correction of the same. Marshall, the grantor, was at that time a non-resident, and notice of the pendency of the action was given by publication in a weekly newspaper for the proper length of time. At the September term of said court, to wit, on the 11th day of September, 1875, Marshall not appearing to the action judgment was rendered against him by default upon the

complaint, and a decree entered thereupon ordering a correction of the deed and appointing one Crane as commissioner to execute a deed with a proper description as prayed for in the complaint.   In the complaint in said last named action the alleged true description of the premises was described as follows :   ' Forty acres of land west of a tract of land sold by John Marshall to John McQuiston, and east of thirty-eight and ninety-eight one hundredths (38.98) acres sold by John Marshall to Elisha Marshall, in fractional section four, in township thirty-one north, of range twelve east, situate in Allen county, and State of Indiana,' and the same description was entered in the decree of the court.   Crane, as the commissioner appointed by the court in said cause, on the 18th day of September, 1875, executed a deed describing the premises in said deed in the same words and figures in which they were described in the decree and complaint in said action.   The deed so made by Crane, as commissioner, was approved by the court and recorded in the office of the recorder of Allen county, Indiana, on the 24th day of June, 1876.   At the time of the sale and execution of the deed by John Marshall to Rabb as aforesaid, and from thence to and subsequent to the time of the execution of the deed by Crane, one Elisha W. Marshall was the owner, by purchase, of land in the north part of section four, immediately west of and adjoining the land sold by John Marshall to Rabb, and John McQuiston was the owner by purchase, of land in the north part of the section immediately east of and adjoining the land sold to Rabb as aforesaid, and the deeds both to Elisha Marshall and to McQuiston were recorded in the office of the recorder of Allen county.   Both of said deeds were prior in their dates to the deed executed by John Marshall to Frederick Rabb.

" 3d.   At the time John W. Marshall made the deed to Rabb he was under the age of twenty-one years, having been born on September 3d, 1854.   On the 1st day of November, 1875, August C. Trentman recovered a judgment

in the Allen Circuit Court against said Frederick Rabb and
Charles Noll for six hundred and thirty-one dollars and
sixty-six cents ($631.66) and costs, upon which judgment
John Thain became replevin bail for stay of execution. On
the 29th day of November, 1875, John Thain, as such re-
plevin bail, paid said judgment and costs, and on the 23d
day of April, 1883, the plaintiff Trentman assigned the judg-
ment in writing on the order book of the court to said John
Thain. On the 31st day of December, 1883, said John
Thain caused a writ of execution to be issued on said judg-
·ment, and to be placed in the hands of the sheriff of Allen
county, who, on the 18th day of January, 1884, levied said.
writ on the lands as described in the complaint in this case,
and after duly advertising the same for sale, sold the same
to said John Thain on the 1st day of March, 1884, and ex-
ecuted to him a certificate of sale, and who, on the 28th day
of February, 1885, sold and assigned said sheriff's certificate
to the plaintiff, which assignment was entered on said cer-
tificate, and on the 2d day of March, 1885, the sheriff of said
county executed a sheriff's deed to the plaintiff for said
premises.

"4th. On the 10th day of September, 1877, the said John
W. Marshall executed a warranty deed to Christina Rabb,
wife of the said Frederick Rabb, for the consideration of five
hundred dollars paid to him by said Christina, thereby in-
tending to convey the tract of land in controversy by the
following description : ' Forty acres of land west of a tract
of land sold by John Marshall and wife to John McQuiston,
and east of thirty-eight and ninety-eight hundredths (38.98)
acres sold by John W. Marshall to Elisha Marshall, in the
fractional section four, township thirty-one north, of range
twelve east, in Allen county, Indiana.'

"5th. Prior to the execution of the deed to Christina the
said John W. Marshall did not, by any act, either affirm
or disaffirm his prior deed to Frederick Rabb.

"6th. On the 4th day of March, 1878, Elizabeth Leichner,

as a creditor of Frederick Rabb, instituted proceedings in the Allen Circuit Court against Frederick Rabb and Christina Rabb to set aside the conveyance made by John Marshall to Christina Rabb as fraudulent, and made with the intent to hinder and delay the creditors of Frederick Rabb, and on the 30th day of October, 1879, a decree was rendered in said proceeding in favor of the plaintiff Elizabeth Leichner, declaring said deed fraudulent and void as against the creditors of Frederick Rabb, also rendering judgment in favor of said plaintiff Elizabeth Leichner against said Frederick Rabb for the sum of six hundred and twelve dollars and thirty-two cents ($612.32) and costs of the suit. The decree also found that the money paid by Christina Rabb as a consideration for the deed to her by John W. Marshall was the property of her husband, Frederick Rabb, at the time the payment was made.

" 7th. Afterwards, on the 10th day of November, 1879, a certified copy of the decree last named was issued to the sheriff of Allen county, by virtue of which, on the 27th day of December, 1879, the sheriff sold said premises at public auction to Adam Rudisill, the defendant in this case, and executed a certificate of purchase therefor.

" 8th. Afterwards, without having received any other deed for the same, on the 13th day of April, 1881, the said Adam Rudisill instituted proceedings in the Allen Circuit Court to set aside the sheriff's said last named sale because of a defective description of the premises in the decree rendered therein.

" 9th. In the proceedings by Elizabeth Leichner against Frederick Rabb and Christina Rabb, in the complaint and decree, the premises were described as follows : ' Forty acres of land west of a tract of land sold by John W. Marshall to John McQuiston, and east of thirty-eight and $\frac{98}{100}$ acres sold by John W. Marshall to Elisha Marshall, and now owned by John F. Myers, and north of the Indian boundary line adopted by the treaty at Greenville in 1795,

in fractional section four, township thirty-one north, of range twelve east,' and the land was levied upon and sold by the same description by the sheriff. In the proceedings to set aside the sale a decree was entered June 21st, 1881, adjudging the description of the premises by which the land was sold was imperfect, and void for uncertainty, and passed no title, but that by his purchase Rudisill obtained a lien upon the real estate in controversy in this suit, and it was adjudged that the said real estate, describing it as in the complaint in this action, be sold to satisfy the lien and the costs of said suit; and it was afterwards, on July 20th, 1881, by said corrected description, sold by the sheriff upon a certified copy of said decree entered in said action, and purchased at said sheriff's sale by the defendant herein, Adam Rudisill, for the amount of said judgment lien and the costs, upon which said sale he, on the 20th day of November, 1882, entered into possession of said premises.

"10th. On the 8th day of December, 1880 Christina Rabb and Frederick Rabb executed a quitclaim deed for said real estate by the description set out in the complaint herein to Adam Rudisill, the defendant, for a valuable consideration paid by said Rudisill to said Christina Rabb.

"11th. At the time Adam Rudisill purchased said real estate under the decree issued in the case of Leichner against Rabb and Rabb he had actual as well as constructive notice of the fact of the judgment in favor of Trentman against Frederick Rabb, and that the owners claimed the right to subject the lands in controversy to sale to satisfy the same.

"12. The court further finds that the value of said real estate from March 2d, 1884, to the present time, is one hundred and fifty dollars."

The conclusion of law, as stated by the court, is as follows: "Upon the foregoing facts I find, as a conclusion of law, for the defendant."

The appellant excepted to the conclusion of law.

The real estate in controversy is described the same in the complaint as it is in the finding of fact numbered one.

The question presented by the record is as to whether or not the decree and deed in the case of Rabb against Marshall are valid, and conveyed the title to the land to Rabb. It is urged by counsel for appellee that the decree is void, for the reason that the description is not such as to pass title in a judicial proceeding, and that by reason of Marshall's minority at the time the suit was commenced, it is not binding upon him, and that he afterwards disaffirmed the deed by his subsequent conveyance to the wife of Rabb.

That the decree is not void on account of the description we think is clearly established by numerous decisions of this court. The rule that " that is certain which can be made certain " applies not only to deeds and mortgages made between persons, but it also applies to a certain extent to decrees of courts, and deeds made in pursuance thereof.

In the case of *Willson* v. *Brown*, 82 Ind. 471, this court says : " Upon the facts stated in the complaint there is no mistake in the description which needs correction. The description given in the mortgage, though in itself plainly defective, is followed by the statement : 'Being the tract deeded to John H. Brown by E. Kitch, trustee;' and it is alleged that that tract is the land intended to have been described in the mortgage. This makes the description sufficient, for that is certain which can be made certain. One deed may refer to another for description of the premises. It follows that so much of the complaint as alleges a mistaken description is, upon the face of the pleading, unnecessary and may be rejected as surplusage ; and the statement of the correct description of the land may be regarded as unimportant, except as, if proven, it would enable the court to embody a complete description in its decree, instead of making only a reference to the deed where it could be found."

This holds a decree valid which refers to a deed containing a good description. In such a case it would be neces-

sary to go to the record of the deed to obtain a proper description and make the decree certain, and in executing the decree the officer would have to look to the record of the deed for a description of the land.

The description in the decree of Rabb against Marshall, and the deed executed by the commissioner in that case, described the land as lying between two other tracts theretofore conveyed by Marshall, and the facts found show the other conveyances to have been made and were upon record, so that by reference to those deeds the description was certain. This same rule has been held in a number of other decisions of this court.

In the case of *Lanman* v. *Crooker*, 97 Ind. 163, a mortgage was executed, excepting twenty acres from the north-east corner of the tract formerly deeded to Wm. Davis and Emeline Ann Davis. The mortgage was foreclosed by the same description. The decree was held valid. A deed was offered in evidence from Schutt to Amelia Davis out of the south end, and it was held that evidence *aliunde* was proper to show which was the proper land excepted, and the case of *Willson* v. *Brown, supra*, was cited with approval, as well as some other cases holding to the same doctrine.

In *Rucker* v. *Steelman*, 73 Ind. 396, it is said that "It is not the office of a description to identify the land, but to furnish the means of identification."

This is true as well in a decree as in a deed between individuals. It often occurs that the officer in executing the writ must look beyond the writ itself in order to identify the premises and execute it; but if the writ furnishes the means of identification, that is, such a description as will enable the officer, by reference to the monuments or the records designated in such description, to identify the land, it is sufficient; but we do not think it necessary to hold such a strong rule in this case. This decree was not to be executed by an officer, it was for the purpose of transferring the title to the land by a description in a deed, and to make

that description certain all that was necessary was to look to the record of the deeds of the other parties. And now, when it is sought to enforce the title conveyed by such deed by a decree of a court, a proper description is furnished and proof is offered to show that it is the same property described in the decree and deed in the case of Rabb against Marshall. *Allen* v. *Shannon,* 74 Ind. 164, *Hedge* v. *Sims,* 29 Ind. 574, and *Burrow* v. *Terre Haute, etc., R. R. Co.,* 107 Ind. 432, are in harmony with this holding.

It is contended that *Lewis* v. *Owen,* 64 Ind. 446, is in conflict with this theory. We do not think it is. The description in that case was more uncertain than in this, but in so far as it holds a different rule it is in conflict with the other decisions which we have cited.

As to the further question we think the judgment was not void by reason of Marshall's minority at the time the suit was commenced. The action was in relation to real estate, the court had jurisdiction, proper notice was given, and the court rendered the judgment against him after he became twenty-one years of age, and he was bound by it unless he by direct proceedings had it set aside. Counsel for appellee admit this to be true, that while the judgment stands Marshall is bound by it, but contend that it is only an action to correct the description, and that it amounts only to the same thing as if he had put in a proper description in the deed, and the case having been commenced during his minority, it does not affect his right to disaffirm it after he became of age. We can not agree to this theory. The judgment was rendered against him after he became of age, and then is when it became binding. Suppose after he had become of age he had executed a new deed to correct the description, manifestly this would bar him from afterwards disaffirming his deed made during minority, and so does the decree rendered after he becomes of age, even if it would not had it been rendered during minority.

The appellee purchased with full knowledge of the appel-

lant's judgment, which was a prior lien, and upon which judgment a sale had been had and deed executed to the appellant. This has priority over the deed of the appellee obtained through a sale on a junior judgment. It follows, therefore, that under the facts found the appellant was entitled to recover the interest of the husband in the land, the undivided two-thirds, the other one-third interest having passed to the appellee by deed from Rabb and wife.

The court erred in its conclusions of law, and for such error the judgment must be reversed.

Judgment reversed, with costs, with instructions to the superior court to restate its conclusions of law in accordance with this opinion.

Filed Dec. 11, 1890.