## KELLEY ET AL. *v.* HOUTS ET AL.

### [No. 4,300.   Filed February 17, 1903.]

MORTGAGES.—*Foreclosure.*—*Junior Liens.*— *Parties.*—*Redemption.*—*Subsequent Suit.*—Where the holders of junior liens were not made parties to a suit to foreclose a mortgage, the assignee of the purchaser at the foreclosure sale may bring a subsequent suit to foreclose their equity of redemption. *pp. 475, 476.*

SAME.—*Foreclosure.*—*Junior Liens.*—*Demurrer.*—Whether the amount stated in a complaint to foreclose the equity of redemption of junior lien holders includes any sum or sums improperly included can not be raised by demurrer. *p. 476.*

SAME.—*Foreclosure.*—*Description of Real Estate.*—A description of real estate in a county in this State as "the north half of lots 43, 44, 45, in Reichelderfer's addition to the plat of the town of Harlan, being in the southwest ¼ of the southwest ¼ of section 28, township 32 north, of range 14 east" is not too indefinite to furnish the means of identifying the same. *p. 476.*

SAME.—*Foreclosure:*—*Junior Liens.*—*Foreclosure of Equity of Redemption.* —*Parties.*—Where the purchaser at a mortgage foreclosure sale assigned the certificate of purchase to another, he had no further interest therein, and was not a proper or necessary party to a suit by the assignee to foreclose the equity of redemption of junior lien holders. *pp. 476, 477.*

SAME.—*Foreclosure of Equity of Redemption.*—*Pleading.*—*Exhibit.*—*Original Judgment.*—Where a mortgage was foreclosed without making junior lien holders parties, it was not necessary to make a copy of the judgment a part of the complaint in a subsequent action to foreclose the equity of redemption of such lien holders. *p. 477.*

APPEAL AND ERROR.—*Judgments.*— *Defects.*— *Modification of Judgments.* —*Waiver.*—An objection that a judgment is defective and erroneous in certain particulars is not available on appeal where it does not appear that any motion was made or any steps taken in the court below for a correction or modification of the judgment. *p. 477.*

From Allen Circuit Court; *J. H. Aiken,* Judge.

Suit by Henry B. Houts and others against John B. Kelley and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*S. M. Hench,* for appellants.

*P. A. Randall* and *C. M. Niezer,* for appellees.

Kelley *v.* Houts.

ROBINSON, J.—Appellees' complaint avers that in 1896, Enos Hannen owned certain described lands which he conveyed to Charles H. Higgins for $350, and as a part of the same transaction Higgins and wife executed a mortgage to Hannen to secure ten promissory notes, payable at different times from three months to thirty-three months after date, the notes being for the entire purchase price of the land. Afterwards, in 1899, Higgins having failed to pay the notes, or any of them, suit was brought by Hannen, and the mortgage was foreclosed, and a judgment rendered thereon for $387.96 and costs. Afterwards, on October 28, 1899, the land was sold by the sheriff to one Reichelderfer for $443.70, to whom was issued a certificate of purchase. During the year for redemption Reichelderfer assigned the certificate of purchase to the appellees, to whom, on the 29th day of October, 1900, the sheriff executed a sheriff's deed, the land not having been redeemed; that appellees are now the owners thereof; that appellants, Kelley and Hench, claim to hold a lien upon the land by virtue of a judgment rendered on the 15th day of April, 1892, in favor of John B. Kelley and against one George Wait and Charles Higgins for $370.51; that appellant Hench holds a lien on that judgment for $25 attorney's fees, and appellees aver that such judgment is a lien on the property subsequent and inferior to the mortgage through which they derived their title; that Kelley and Hench were not made parties to the foreclosure suit. The complaint asks that the judgment lien be foreclosed and barred, and that the holders thereof be ordered to redeem from the foreclosure sale. The sufficiency of the complaint is the only question presented.

Through the foreclosure and sale, the assignment of the certificate of purchase to appellees, and the subsequent execution of the deed to them, they acquired the legal title to the mortgaged property, and were entitled to possession. But the right of equity of redemption of the judgment

creditors was not, by those proceedings, cut off or barred. "In such a case," said the court in *Jefferson* v. *Coleman,* 110 Ind. 515, "the legal title of the mortgagor having been acquired, the remedy by strict foreclosure is appropriate to cut off the equity and right of junior encumbrancers to redeem."

The decree of foreclosure did merge the mortgage as a cause of action, but it did not destroy the priority of the lien over the lien of appellants' judgment. Appellants were not the owners of the equity of redemption. They had no more than a lien upon or equity in the land subordinate to the mortgage lien through which appellees have acquired the legal title. In *Curtis* v. *Gooding,* 99 Ind. 45, cited by appellants' counsel, it is held that if the *owner of the equity* of redemption was not made a party to the foreclosure, the decree as to him was invalid, but that the original plaintiff, upon payment of costs, might bring a subsequent suit to foreclose the equity of redemption not affected by the first suit. The complaint avers the sum for which the land was sold on the foreclosure sale, and this sum, with interest, is *prima facie* the amount necessary to be paid for redemption. Whether this amount includes any sum or sums improperly included is a question that could not be raised by the demurrer. See *American Ins. Co.* v. *Gibson,* 104 Ind. 336; *Shirk* v. *Andrews,* 92 Ind. 509.

A description of real estate in a county in this State as "The north half of lots forty-three, forty-four, forty-five in Reichelderfer's addition to the plat of the town of Harlan, being in the southwest quarter of the southwest quarter of section twenty-eight, township thirty-two north, of range fourteen east," is not too indefinite to furnish the means of identifying the same.

Reichelderfer, having assigned the certificate of purchase, had no further interest, and was not a proper or necessary party defendant. Appellees, by the assignment,

having succeeded to all his rights, were the only parties in interest.

·It was not necessary to make a copy of the judgment a part of the complaint. A judgment is not a written instrument within the requirement of §365 Burns 1901. *Conwell v. Conwell,* 100 Ind. 437, and cases cited; *Dumbould v. Rowley,* 113 Ind. 353; *First Nat. Bank v. Hanna,* 12 Ind. App. 240; *Gum-Elastic, etc., Co. v. Mexico Pub. Co.,* 140 Ind. 158, 30 L. R. A. 700.

It is also argued that the judgment is defective and erroneous in certain particulars. But as it does not appear that appellants at any time made any motion or took any steps in the court below for a correction or modification of the judgment or decree, no objection can be made available on appeal. A general objection and exception to the judgment presents no question. It is held that unless the objection particularly points out the defect or mistake, and asks that the same be corrected in the court below, no question concerning the same can be presented on appeal. *Tucker v. Hyatt,* 151 Ind. 332, 44 L. R. A. 129, and cases cited; *Stout v. Curry,* 110 Ind. 514; *Evans v. State,* 150 Ind. 651; *Hormann v. Hartmetz,* 128 Ind. 353.

Judgment affirmed.