# MAY ET AL. *v.* GEORGE.

[No. 7,916.   Filed April 4, 1913.]

1. JUDGMENT.—*Construction.*—In construing a judgment reference may be had to the pleadings and to the entire record. p. 261.

2. NUISANCE. — *Abatement.* — *Judgment.*—*Sufficiency.*—Where the complaint in an action for the maintenance of a private nuisance sufficiently described such nuisance, a judgment reciting that "the nuisance set out and described in plaintiff's complaint be abated", is not void for uncertainty, since it may be made certain by reference to the complaint. p. 261.

3. APPEAL.—*Review.*—*Judgment.*—*Failure to Object Below.*—No objection can be presented on appeal to the rendition of a judgment on the verdict, unless by objection in the court below the mistake or defect was pointed out. p. 262.

4. NUISANCE.—*Action to Abate.*—*Evidence.*—*Statute of Limitations.*—In an action for the maintenance of a private nuisance, brought under §291 Burns 1908, §289 R. S. 1881, defining a nuisance to be that which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of prop-

erty, so as essentially to interfere with the comfortable enjoyment of life or property, evidence that a gutter, into which defendants poured soapsuds and other offensive matter, had been in existence for about fifty years and that defendants had obtained a prescriptive right to maintain the gutter, is insufficient to show that the action is barred by the statute of limitations, where the nuisance shown, was a continuing one. p. 262.

5.  NUISANCE.—*Abatement.—Limitation of Actions.—Application of Statute.*—Where a nuisance is of a character so permanent that it may fairly be said that the entire damage accrues in the first instance, the statute of limitations begins to run from that time; but if the nuisance may be said to continue from day to day, and create a fresh injury each day, there still may be a right of action for the injuries created within the last six years, though the original right of action has been lost. p. 262.

6.  DRAINS.—*Prescriptive Right.—Evidence.*—In an action for the abatement of a nuisance consisting of the pouring of soapsuds and other offensive matter into a gutter, defendant's claim to a prescriptive right to use the gutter, even if obtainable under some circumstances, cannot be sustained, where there was no evidence that such drain had been used for that purpose prior to six years before the bringing of the action. p. 263.

From Perry Circuit Court; *William Ridley,* Judge.

Action by Maggie George against Mary May and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Wm. A. Land,* for appellants.
*Ewing, Roose & Seacat,* for appellee.

IBACH, C. J.—This was an action by appellee against appellants for the maintenance of a private nuisance, asking for damages and an abatement of the nuisance. The complaint shows that the parties are adjoining property owners in the city of Cannelton, Indiana, that the defendants have constructed and maintain an open sewer on their premises which empties into a ditch on Taylor Street above plaintiff's premises, and carries refuse and waste matter from the defendants' premises into said ditch, that defendants for two years emptied all their waste and refuse matter, such as slop, soapsuds, garbage, and all waste prod-

ucts of the body, into their open sewer, and such matter flows out into the open ditch on Taylor Street above plaintiff's real estate, thence down said street and in front of and against plaintiff's premises, thereby causing cesspools of stagnant water, filth, and noxious matter to be deposited in said open ditch and in front of and against plaintiff's real estate, that said deposits render plaintiff's property unhealthy and undesirable as a dwelling house, and has depreciated both its market and its rental value. It is also averred that defendant picked and tore away brick from the foundation of plaintiff's house, thus weakening the foundation, and that through the openings thus formed defendant emptied wash water under said foundation, thus making the earth under the dwelling damp and muddy and causing the sills, sleepers, flooring and walls to mildew, rot and decay. Trial by jury resulted in a verdict for plaintiff, assessing her damages at $10, and finding that the nuisance alleged in the complaint should abate. The court rendered judgment on the verdict, and the judgment entry is in the following words: "It is therefore considered and adjudged by the court that the plaintiff recover of and from the defendants the sum of Ten Dollars and that the nuisance set out and described in plaintiff's complaint be abated, and that she have judgment against defendants for her costs, laid out and expended."

It is argued that this judgment is void for uncertainty. The rule is that "If the entry of a judgment be so obscure as not to express the final determination of the court 1. with sufficient accuracy, reference may, and indeed ought to, be had to the pleadings, and the entire record, when construing the judgment." *Fleenor* v. *Driskill* (1884), 97 Ind. 27, 33, and authorities cited. See, also, Freeman, Judgments §45; 11 Ency. Pl. and Pr. 934, 956; 2 Elliott, Gen. Prac. §1019; *Thain* v. *Rudisill* (1890), 2. 126 Ind. 272, 26 N. E. 46. The present judgment orders the abatement of the nuisance described and

set out in plaintiff's complaint, and under the rule and the authorities above cited, may be made certain by refer-
3.  ence to the complaint. Further, no objection to the judgment was made below, by motion to modify, or in any other manner, and no objection can be presented on appeal to the rendition of a judgment on the verdict, unless by objection, in the court below, the mistake or defect was pointed out. *Tucker* v. *Hyatt* (1898), 151 Ind. 332, 51 N. E. 469, 44 L. R. A. 129; *Cockrum* v. *West* (1890), 122 Ind. 372, 23 N. E. 140; *Kelley* v. *Houts* (1903), 30 Ind. App. 474, 66 N. E. 408.

Appellants also argue that the court erred in over-
4.  ruling their motion for new trial. Appellants contend that the evidence showed that the cause of action was barred by the statute of limitations. The evi-
5.  dence showed that appellee had owned the house in which she lived for less than three years, that the gutter into which the offensive materials were poured, or a similar gutter, had been in existence for about fifty years. So appellants claim that the cause of action arose more than six years before the bringing of the action, also that appellants had obtained by prescriptive right extending over more than twenty years, the right to maintain the gutter. This action was brought under §291 Burns 1908, §289 R. S. 1881, which provides that "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action." The rule is that if a nuisance is of a character so permanent that it may be fairly said that the entire damage accrues in the first instance, the statute of limitations begins to run from that time. But if the nuisance may be said to continue from day to day and create a fresh injury each day, there may still be a right of action for the injuries created within the last six years, though the original right of action has been lost. *Peck* v.

*City of Michigan City* (1898), 149 Ind. 670, 683, 49 N. E. 800.

The nuisance alleged in the complaint and proved by the evidence was not the maintenance of the gutter, but the use to which the gutter was put. Merely because there was a drain to carry away water in existence for more than twenty years, it does not follow that appellee could not recover for the obnoxious condition of affairs shown by the complaint, and supported by the evidence, all occasioned by the use made of the gutter by appellants within six years immediately preceding the time the action was begun. Such a nuisance was a continuing one and not barred by the statute of limitations. There was no showing that the drain

6. had been used prior to six years before the bringing of the action for the purposes mentioned in the complaint, therefore there was no evidence which would tend to show a prescriptive right to use the drain for such purposes, even if such a right could under some circumstances be obtained.

Judgment affirmed.

Note.—Reported in 101 N. E. 393. See, also, under (1) 23 Cyc. 1101, 1102; (2) 29 Cyc. 1252; (3) 2 Cyc. 703, 705; (4) 29 Cyc. 1206, 1237; (5) 25 Cyc. 1137, 1140. As to the nature and elements of private nuisance, see 118 Am. St. 869. As to the statute of limitations in actions for continuous nuisance, see 20 Am. St. 178.