### PROBST *v.* SCHENHER

[No. 20,739. Filed July 8, 1968. No Petition for Rehearing filed.]

*Richard Mehl,* of Goshen, and *Probst & Probst,* of Kendallville, for appellant.

*Benton E. Gates, Jr.,* and *Gates, Gates & McNagny,* of counsel, all of Columbia City, for appellee.

PRIME, J.—This is an appeal from a summary judgment granted in favor of the appellee by the trial court acting under the authority given in Acts 1965, Ch. 90, § 1, p. 126, Burns' Ind. Stat. Vol 2, Pt. 2, 1960 Repl. § 2-2524.

The history of this case follows:

In 1941, the appellant, Nancy Probst, then four years of age, brought an action against the appellee Stephen Schenher for damages for personal injuries sustained in an automobile collision. She was represented by her next friend, Ralph W. Probst, in said action. This action was tried to a jury and a verdict rendered adverse to the plaintiff, Nancy Probst.

On December 3, 1959, an action was filed by Nancy Probst against Stephen Schenher for damages sustained in an automobile collision. This action was brought by Nancy Probst as an individual adult.

The 1959 action was between the same parties and involved the same cause of action which had been adjudicated in 1942.

The appellee filed a motion for summary judgment setting out the facts of the matter, properly supported by affidavits as required. The motion was sustained and this appeal followed.

The issue is whether or not a next friend action for an infant constitutes res judicata and is binding upon the infant.

The appellant contends that she was four and one-half years of age at the time of the prior judgment and, being an infant, was not bound by the judgment.

The appellant submits as her principal arguments the provisions of the Constitution of the United States, Fourteenth Amendment, and the Constitution of the State of Indiana, Article 1, Section 12.

It is contended that she is entitled to "her day in court" as provided in these constitutional sections and that the cause of action filed by the apellant when she reached her majority is a personal right which was denied by the trial court.

We believe the law of Indiana is well founded in respect to the rights of infants and minors and the granting of the summary judgment in this case did not violate any of such rights.

A valid judgment or decree rendered against a minor is binding. *Blake v. Douglass* (1866), 27 Ind. 416; *Thain v. Rudisill* (1890), 126 Ind. 272, 26 N. E. 46; *Groves v. Burton* (1954), 125 Ind. App. 302, 123 N. E. 2d 204.

It is a general rule that an infant properly represented is bound by the adjudication. 50 Corpus Juris Secundum, § 766, p. 294 and cases cited; 19 I. L. E., *Minors,* § 93, p. 639.

It appears from the record that the interests of the plaintiff in the original action were properly safeguarded. Under such circumstances we hold that this action was res judicata as to this cause of action before us. The action of the trial court in granting summary judgment was proper and we affirm the judgment.

Judgment affirmed.

Carson, C.J., and Cooper, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 238 N. E. 2d 470.