# WATTIER *v.* MILLER.

ONE who claims a right to dam a stream so as to turn the water back upon the land above him, must show a right so to do by grant, license, or by prescription.

THE title of the occupant of the land on which the easement is claimed cannot be inquired into by one who shows no right in himself. He cannot enjoin such drainage of the land as is naturally incident to its ownership.

APPEAL from Marion County.

*N. B. Knight* and *W. W. Thayer* for appellant.

*Geo. H. Williams* for respondent.

By the Court, WALDO, J.:

The water rights of Wattier are such as accrue to him as owner of the soil on which his mill stands, or such as he has acquired by grant, or license, or by prescription. As the owner of the soil, Wattier has no right to turn the water of Little Pudding river back upon the land of a proprietor

above him. (*Stout* v. *McAdams*, 2 Scam., 67; *Ripka* v. *Sergeant*, 7 W. & S., 9.) But Wattier cannot, under the evidence in the case, claim any water rights except such as belong to him as the owner of the soil on which his mill stands. He sets up no grant or license to overflow the lands above them. He can acquire no right by prescription to overflow the lands of the United States or of the state. (*VanSickle* v. *Haines*, 9 Nev., 256.) And he failed to make out any such right against any private owner.

The appellant is cutting his ditch on land of which he is in actual possession. Wattier is not in possession, and shows no right to the possession. In such case, the authorities show that the appellant's right to the possession cannot be inquired into; for if the respondent can show title to be in the United States, or in the state, why cannot he show it to be in some third person? If Miller had brought an action on the case against Wattier for overflowing the land to which the former is asserting title, Wattier could not have defended by questioning Miller's title. (*Hendricks* v. *Johnson*, 5 Port.)

So when Wattier attempts to prevent Miller's making such use of the land as is naturally incident to its ownership, he cannot set up that Miller is not the owner, but that the land belongs to B. & C. Miller's possession and positive assertion of ownership is good against one who can show no better title. Before he can make out his right to an injunction, Wattier must show that he himself has rights there, and this he has utterly failed to do. (*Weiss* v. *Jackson County*, 9 Or., 471; *Griffin* v. *Bartlett*, 55 N. H., 119, 127.)

The only right the appellant claims is the right to drain off surface water standing on his own land and such water as may have been turned back upon it by respondent's dam.

So far as the respondent attempts to prevent this, he is attempting to assert an easement in another man's land, for which he has never paid a dollar and to which he asserts no manner of title except actual user, which has not ripened into a right by prescription. The respondent has the burden of proof upon him, and has failed to make out any right to the relief which he claims. Wattier can no more question Miller's title than Miller can question Wattier's. Miller's possession is a good title against Wattier.

It also appears that Miller has paid his 20 per cent., and has a certificate of sale from the state to this land as swamp land. This certificate conveys a present interest, for the act declares that on failure to perform subsequent conditions, the land shall revert to the state. A right to the possession follows this certificate, for the object of the act is to reclaim the swamp land, and to do this possession is necessary. Whether this right to the possession has terminated or not, is a question of law, which Wattier cannot inquire into. He is not in a position to compel swamp land claimants to put their rights in issue.

It follows that the decree pronounced by the court below must be modified in accordance with this opinion.

Decree modified.

WATSON, C. J., dissenting.