REDHEAD, NORTON, LATHROP & COMPANY, Appellants, v. ELI M. BAKER *et al.*, Appellees.

Judgments: RECORD: INTERPRETATION. Where a decree gave judgment in a sum total upon eight several promissory notes, designated by their exhibit marks as introduced in evidence, and ordered that a certain fund be applied to the payment thereof in the order of their maturity, but did not find the amount due upon each of said notes, *held*, that reference might be had to the pleadings and *other proceedings* to ascertain the intention of the court, and give effect to the decree.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, OCTOBER 12, 1892.

APPEAL by the plaintiffs from an order sustaining a motion of the defendants Abigail E. Baker and E. S. Harter, requiring the plaintiffs to credit certain sums of money in a certain order upon the decree formerly entered in this case.—*Affirmed.*

*Nathaniel B. Raymond*, for appellants.

*Chamberlain & Stewart*, for appellees.

GIVEN, J.—I. The decree was entered July 2, 1888, and finds that there was then due and owing to the

·plaintiffs, from the defendant Eli M. Baker, seven
hundred and fifty-seven dollars and eight cents princi-
pal and interest, and seventy-five dollars and sixty-
·eight cents attorneys' fees, on eight promissory notes,
identified throughout the record as Exhibits A, B, C,
D, F, G, H, and R;   also five hundred and forty
·dollars and eighty cents principal and interest, and
thirty-six dollars and twenty-two cents attorneys' fees,
·upon a note marked "Exhibit I." That there was due
from the defendants Eli M. Baker, Daniel L. Baker,
Abigail E. Baker five hundred and fifty-eight dollars
·and thirty-three cents principal and interest, and
thirty dollars and seventy-five cents attorneys' fees,
·upon the note Exhibit J.   That all of said notes are
·secured by chattel mortgages, Exhibits M and N, upon
a certain described stock of goods, furniture, and
fixtures.   That Exhibit J is further secured by a mort-
gage upon real estate, and that there has been a breach
·of the conditions of the mortgages Exhibits M and N
by reason of the nonpayment of matured notes.   It is
·further found that there is due to plaintiffs from Eli
M. Baker upon two other notes, marked Exhibits K
·and L, the sum of two hundred and eighty-eight
·dollars and four cents principal and interest, and
twenty-four dollars and forty cents attorneys' fees,
·and that said two notes are secured by a chattel mort-
gage, Exhibit O, upon the same stock of goods, etc., as
·is covered by Exhibits M and N, and that Exhibit O
is junior to Exhibits M and N, and junior to the land-
lord's lien of E. S. Harter for one hundred and twelve
·dollars for rent.   The decree recites that the mort-
·gaged property had been sold under stipulation, and
"that the plaintiffs hold, as the proceeds of said sale
·over and above all expenses, except the sum of one
hundred and twelve dollars due E. S. Harter, the sum
of one thousand, two hundred and eighty-seven dollars
·and one cent from the merchandise, furniture, and

fixtures, and the sum of twenty-seven dollars and sixty-four cents from the notes and accounts. Judgment was rendered according to the findings and decree foreclosing said chattel mortgages against the fund arising from the sale of the goods, and it is ordered that said fund be applied, after the payment of costs—"*first*, to the payment of the. sum of one hundred and twelve dollars to the defendant E. S. Harter, with interest until paid at six *per cent. per annum*, and then to the payment of the notes described in the mortgages Exhibits M and N in the order in which they mature, the note Exhibit F being postponed to payment of the note Exhibit J; *second* to the payment of the claim of forty-five dollars to E. S. Harter; and *third*, to the payment of the notes described in Exhibit O. It is further ordered that the sum of twenty-seven dollars and sixty-four cents realized upon the accounts aforesaid be applied upon the said notes described in the mortgage Exhibit O; but, said judgments and foreclosures are without prejudice to the plaintiffs' right to resort to any security they may have for any portion of said indebtedness after the application of the amounts aforesaid as above ordered."

Upon the hearing of this motion the court ordered that the one thousand, two hundred and eighty-seven dollars and one cent in the hands of the plaintiffs be applied as follows: "*First*. Twenty-six and twenty one-hundredths dollars in satisfaction of the court costs in the case to time of entering decree. *Second*. One hundred and twelve dollars in satisfaction of the judgment in favor of E. S. Harter, the amount due on said date, on which he had a prior lien. *Third*. Five hundred and fifteen and seven one-hundredths dollars in satisfaction of the amount of the judgment entered against Eli M. Baker for the notes introduced in evidence as exhibits R, A, B, C and D, and due November 1, 1887, December

1, 1887, January 1, 1888, March 1, 1888, April 1, 1888, respectively. *Fourth*. Fifty-one and fifty one-hundredths dollars in satisfaction of amount of the judgment for attorney's fees on the above notes. *Fifth.* Thirty-six and seventy-five one-hundredths dollars in satisfaction in full of the judgment for attorney's fees entered against Eli M. Baker, Abigail E. Baker and Daniel L. Baker on their note due May 1, 1888, and introduced in evidence as Exhibit J. *Sixth.* That the balance of five hundred and forty-five and forty-nine one-hundredths dollars in the plaintiffs' hands for that purpose be; and the same is hereby, applied on the judgment of five, hundred and fifty-eight and thirty-three one-hundredths dollars entered against Eli M. Baker, Abigail E. Baker and Daniel L. Baker, July 2, 1888, on their note due May 1, 1888, and introduced in evidence as exhibit J. It is further ordered that the application be, and the same is hereby, made as of the date of July 2, 1888, the date of said decree, and the plaintiffs are ordered and directed to make entry of satisfaction as above provided on said district equity combination docket 6, page 236, and, on failure of plaintiffs to so enter satisfaction, that this shall satisfy the said judgments as above set forth. To all of which the plaintiffs except, and are given sixty days in which to file a bill of exceptions."

It is a well established rule that, where the entry of a judgment or decree is so defective or obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and other proceedings, and, if with these the obscurity is dispelled and the intention of the court made apparent, the judgment or decree will be, given effect according to such intention. See Freeman on Judgments, section 45; Black on Judgments, sections 118, 123; *Fowler v. Doyle*, 16 Iowa, 535. In *Giddings v. Giddings*, 70 Iowa, 486, cited by the appellants, there was nothing in the record

from which the amount for which judgment was intended to be rendered could be ascertained. The appellants concede the rule just stated, but contend that the appellees are only entitled to the relief asked in their motion by a revision or modification of the decree; that their demand involves a determination of matters not determined by the decree, and that the only remedy to them was by appeal. The decree does not directly find the amount or date of maturity of each note, but each is unmistakably referred to by its exhibit mark, and, by reference to the pleadings upon which this decree is based, the amount and date of maturity of each note is ascertainable beyond question. With these facts ascertained from the record, the mind of the court as to the order in which the fund in the in the hands of the plaintiffs should be applied is entirely clear. We think the case is within the rule stated, and that the order of the district court made upon this motion is in exact conformity with the decree. AFFIRMED.