Grafton, }
Dec. 5, 1922. }

WOODSVILLE FIRE DISTRICT & *a. v.* RUDOLPH M. STAHL.

To establish a public highway by prescription under P. S., c. 67, s. 1, the use of the land by the public must have been continuous, uninterrupted and adverse for a period of twenty years.

If during the alleged period of prescription the owner continues to make a use of the space or land inconsistent with the public highway right, as by maintaining overhanging eaves draining water thereon, the public can acquire no title thereto.

BILL IN EQUITY, by which it is sought to enjoin an alleged nuisance. Trial by the court, with view taken, and decree for the plaintiffs. At the close of the plaintiffs' evidence, and also at the close of all the evidence, the defendant moved that the bill be dismissed. To the denial of these motions the defendant excepted. The facts appear in the opinion. Transferred from the September term, 1921, of the superior court by *Allen,* J.

*Raymond U. Smith* (by brief and orally), for the plaintiffs.

*Fred S. Wright* and *Jewett & Jewett,* for the defendant.

PLUMMER, J. The plaintiffs seek to obtain a decree from the court to restrain the defendant from maintaining the roof of his building adjacent to the westerly side of Pleasant street in Woodsville so that the water will drip and flow upon and over the sidewalk contiguous to said building. The only question raised by the exceptions is whether there is any evidence in the case upon which the bill can be sustained. It is not denied by the defendant that it might be sustained if the place where the water drips from the defendant's building, and flows over the sidewalk, was a public sidewalk. This the defendant denies.

There is evidence in the case from which it could be found that the sidewalk at the place in question was legally laid out, and is a

public sidewalk. Upon this ground the exceptions would be over-ruled, if the action of the court did not distinctly indicate that no finding was made relative to the location of the street as laid out in the mode prescribed by statute. The decree was not transferred, but the defendant in his brief has printed it and a letter of the court filed therewith, which explains somewhat the terms of the decree. The case has been discussed as though the decree and letter were a part of it, and it has been so considered.

The decree issued by the court is as follows: "Ordered and decreed that the defendant be enjoined from and after Jan. 1, 1922, from maintaining the roof of the low part of the easterly side of his building at the corner of Central and Pleasant streets in Woods-ville, so that the water will flow or drip or icicles overhang, the public sidewalk adjacent thereto."

The letter written by the court relating to the decree is as follows: "By the words 'public sidewalk' in the decree I meant the side-walk as used and enjoyed by the public for twenty years prior to the entry of the suit and whether or not partly outside the limits of the laid out highway. My recollection of details goes rapidly from my mind, but I am under the impression that this sidewalk as thus defined extended to the easterly side of the Stahl building both along its most easterly part as well as along the low part where the trouble comes."

This letter taken in connection with the decree clearly discloses that the court made no finding as to the location of Pleasant street as laid out opposite the defendant's building, but that in making the decree the acquisition of a public sidewalk at the place of con-troversy, by prescription or user, was solely relied upon.

"Highways are only such as are laid out in the mode prescribed therefor by statute, or as have been used as such for public travel thereon, other than travel to and from a toll-bridge or ferry, for twenty years." P. S., c. 67, s. 1.

An examination of the situation will demonstrate that a public sidewalk at the place in question, by use for twenty years, cannot be established.

The addition, called the low part in the court's decree and letter, was built onto what is now the defendant's block on Pleasant street less than twenty years after the street was laid out. The eaves of the roof on this low part of the addition extended out over the sidewalk, and from the eaves the water dripped upon the sidewalk, causing the trouble complained of.

A public sidewalk contiguous to this addition of the defendant's building had not been acquired by prescription when the addition was constructed because sufficient time had not elapsed after the street was laid out. Since then the requirements necessary for the attainment of a highway by twenty years' use have not been fulfilled.

To establish a public highway by user, the use by the public of the land must have been uninterrupted, continuous and adverse for a period of twenty years. *Stevens* v. *Nashua,* 46 N. H. 192, 199; *Campton's Petition,* 41 N. H. 197; *Burnham* v. *McQuesten,* 48 N. H. 446, 451; *Harriman* v. *Moore,* 74 N. H. 277.

The requirements for establishing a highway by user are the same as those which are essential for an individual to maintain in order to acquire title by prescription. *Willey* v. *Portsmouth,* 35 N. H. 303, 311.

During the winters, ever since the addition to the defendant's block was built, the water from its eaves which overhang the sidewalk has frequently dripped upon and run over the sidewalk, thus interfering with and stopping that uninterrupted, adverse and continuous use of the walk by the public which is indispensable to the acquisition of a public sidewalk by that method.

In other words, the use made of the sidewalk by the defendant and prior owners of this block is wholly inconsistent with the achievement of a public sidewalk by prescription.

Furthermore, the town could not acquire by use a prescriptive right in that part of the sidewalk under the eaves of the defendant's block. "A legal highway includes not only the soil, but also all the space above it. *State* v. *Kean,* 69 N. H. 122. To prescribe for such a right the public must have had such an occupancy as to be adverse as to the space in question. The owner must have so conducted as to amount at least to an implied recognition of the town's adverse claim. If there is no such recognition the proof fails. If the owner continues to make a use inconsistent with the public highway right, such use is a continuous denial of the existence of a highway." *Exeter* v. *Meras, ante,* 132.

In the present case the eaves of the roof of the defendant's block have extended over the sidewalk ever since this addition to the block was built over thirty years ago. This occupancy "was a continuous assertion of a right inconsistent with the public right now claimed." *Exeter* v. *Meras, supra.*

The situation of this case is such that the location of Pleasant

street as laid out ought to be found, and defined. If, however, the presiding justice is unable to determine this fact upon the evidence, the bill should be dismissed.

It is, therefore, recommitted to the superior court for further consideration.

*Case discharged.*

All concurred.