Argued at Pendleton October 29, affirmed December 11, 1928.

LEHI WRIGHT *v.* D. A. PHILLIPS.

(272 Pac. 554.)

For appellant there was a brief and oral argument by *Mr. E. R. Ringo.*

For respondent there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. George T. Cochran.*

BEAN, J.—The time for appeal from the original decree had expired when this appeal was taken. Defendant contends that the decree of September 21, 1927, is so vague, indefinite and uncertain it is void, and cannot be enforced.

The plaintiff and defendant own adjoining land; that of plaintiff being on the south of defendants. The stream is described in plaintiff's complaint as follows:

"That at all times herein mentioned, and from time immemorial, there has been and still is a stream which rises in the adjacent foot hills, and flows in a southerly and easterly direction, coming upon plaintiff's said land at a point about 80 rods east and 70

rods north of the center of said section 32, and running thence in a northeasterly direction, and leaves plaintiff's said land at a point about 100 rods north and 39 rods west of the southeast corner of the northeast quarter of section 32. And said stream from thence flows in an easterly direction upon the lands of said defendant. That said stream has a well-defined natural channel, well-defined banks and is a natural stream and has existed from time immemorial at said place.''

The defendant's answer admits that from time immemorial there was a stream of water there.

The findings of September 21, 1927, upon which the decree of that date is based, define the stream substantially the same as follows:

''That from time immemorial there has been and still is a stream which rises in the adjacent foothills and flows in a southerly and easterly direction down to and upon plaintiff's said land; that said stream is a natural watercourse.''

The court found as a matter of law that defendant has a right to construct an embankment to prevent the flow of water from said stream over upon his land, but has no right to divert the natural flow of the water through the Northern Channel on plaintiff's land.

Defendant submits that a decree must be certain as to what is to be done and as to when, how, where and by whom its mandates are to be performed. Citing 10 R. C. L., p. 560, § 346; 11 Ency. of Pl. & Pr. 820.

The decree of September 21, 1927, plainly directs what the defendant can do and what he cannot do, in relation to the stream and water; and expressly enjoins him ''from damming up or diverting any of the

water naturally flowing in said north channel on to the lands of plaintiff.''

The maps introduced in evidence in the case as exhibits, as explained by the testimony, show the location of the stream of water in question along and near the line dividing plaintiff's and defendant's lands. It is also shown that there is another stream or channel of water farther to the south on plaintiff's land. There were also irrigation ditches on the lands.

■ Therefore, the court by its decree very properly designated the stream involved as the ''North Channel.'' Taking the decree, together with the pleadings and records referred to therein, there is no uncertainty or indefiniteness as to the stream, or import of the order of injunction and it should be enforced.

■ When a decree is obscure, reference may be had to pleadings, evidence and record of the case: *Clay* v. *Hildebrand,* 34 Kan. 694 (9 Pac. 466, 470); *McCullough* v. *Connelly,* 137 Iowa, 682 (114 N. W. 301, 15 L. R. A. (N. S.) 823, 826); *Thayer* v. *McGee,* 20 Mich. 195, 205; *Woodsville Fire Dist.* v. *Stahl,* 80 N. H. 502 (119 Atl. 123, 27 A. L. R. 1144, 1145); *Stevens* v. *Stevens,* 304 Ill. 297 (136 N. E. 785); or to anything referred to in the decree: *Thain* v. *Ridisill,* 126 Ind. 272 (26 N. E. 46, 48); *Clapp* v. *McCabe,* 155 N. Y. 525 (50 N. E. 274, 275); *Redhead* v. *Baker,* 86 Iowa, 251 (53 N. W. 114); *National Foundry Works* v. *Oconto City Co.,* 183 U. S. 216 (46 L. Ed. 157, 22 Sup. Ct. Rep. 111, 118).

Appellant argues that the decree is so vague, indefinite and uncertain as to make it void.

''Wherever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and

the other proceedings, and if, with the light thus thrown upon such entry, its obscurity is dispelled and its intended signification made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms." *Clay* v. *Hildebrand,* 34 Kan. 694 (9 Pac. 466, 470).

See *Redhead* v. *Baker,* 86 Iowa, 251 (53 N. W. 114). In *National Foundry Wks.* v. *Oconto City Co.,* 183 U. S. 216 (46 L. Ed. 157, 22 Sup. Ct. Rep. 111, 118), the Supreme Court of the United States held that where there is uncertainty as to a decree in a cause, resort may be had to the pleadings and to the opinion of the court, in order to throw light upon the subject.

In *Thain* v. *Ridisill,* 126 Ind. 272 (26 N. E. 46, 48), the court says:

"The rule that 'that is certain which can be made certain' applies not only to deeds and mortgages made between persons, but it also applies to a certain extent, to decrees of courts, * * . This holds a decree valid which refers to a deed containing a good description. In such a case it would be necessary to go to the record of the deed to obtain a proper description, and make the decree certain, and, in executing the decree, the officer would have to look to the record of the deed for a description of the land."

When the motion to enforce the decree was made, the learned trial judge examined the premises and rendered a written opinion stating, *inter alia,* that he found that the dam does divert water flowing down the natural channel, upon the lands of the plaintiff, and will divert it all the more during the freshet season now commencing. He also found that the plaintiff had dammed up the intake of the ditch diverting the water from the natural channel, in

order to permit the water to flow down the natural channel. The dam of the defendant, however, does not prevent this water going on to his own land, but tends to divert the flow of the natural channel upon the land of the plaintiff. The opinion of the court states that the North Channel is the natural channel indicated by the growth of willows. Any person examining the premises can see where the natural channel runs. Water coming from melting snow or springs and flowing in a channel constitutes a natural watercourse, even though it passes through a swampy place: *West* v. *Taylor,* 16 Or. 165 (13 Pac. 665); *Harrington* v. *Demaris,* 46 Or. 111, 118 (77 Pac. 603, 82 Pac. 14, 1 L. R. A. (N. S.) 756); *Morton* v. *Oregon Short Line,* 48 Or. 444 (87 Pac. 151, 1046, 7 L. R. A. (N. S.) 344), note; *Borman* v. *Blackmon,* 60 Or. 304, 308 (118 Pac. 848).

■ Defendant may not obstruct a natural watercourse at its entrance on to his land, unless he provides some equally convenient method of draining plaintiff's land: *Hansen* v. *Crouch,* 98 Or. 141 (193 Pac. 454); *Wattier* v. *Miller,* 11 Or. 329 (8 Pac. 354).

■ Injunction is proper remedy when defendant wrongfully diverts water on to plaintiff's land: *Esson* v. *Wattier,* 25 Or. 7 (34 Pac. 756); *Mendenhall* v. *Harrisburg Water Co.,* 27 Or. 38 (39 Pac. 399); *Krause* v. *Oregon Steel Co.,* 45 Or. 378 (77 Pac. 883); *Dragseth* v. *Mason,* 84 Or. 547 (164 Pac. 376).

We opine that the sheriff will have no difficulty in effectuating the decree under the order of the court.

The decree of the trial court is affirmed.

AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.